CASE 64—PROCEEDING FOR CONTEMPT IN VIOLATING INJUNCTION.—Nov.
28.

## Ky. Heating Co. v. Louisville Gas Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

PROCEEDING BY THE LOUISVILLE GAS COMPANY AGAINST THE KY. HEAT-
ING COMPANY TO PUNISH THE DEFENDANT FOR CONTEMPT IN VIO-
LATING AN INJUNCTION GRANTED BY THE JEFFERSON CIRCUIT COURT.
RESPONSE TO THE RULE ADJUDGED INSUFFICIENT AND RULE MADE
ABSOLUTE. DEFENDANT APPEALS.

GAS—USE—INJUNCTION—VIOLATION—CONTEMPT.

Held: 1. Where a heating company was enjoined from sending nat-
ural gas through its pipes for any purpose other than heating,
full and complete obedience to the injunction requires that
defendant should make an effort to restrict to heating purposes
only the use of gas sold by it to its customers, and therefore
a response to a rule for contempt averring that defendant does
not know any customers using its gas for purposes of illumina-
tion, and that it has no means of ascertaining who, if any, are so
using that gas, except by detailed investigation into the private
residences of customers, is not sufficient.

2. Customers who use defendant's gas are not entitled to be heard in such a proceeding.

3. In a proceeding for the violation of an injunction pending an appeal, the merits of the case can not be considered.

MATT O'DOHERTY, ATTORNEY FOR APPELLANT.    HELM, BRUCE & HELM AND T. L. EDELEN OF COUNSEL.

### RESUME OF POINTS.

1. In grants of exclusive privileges nothing passes by implication. Where the terms of such a grant are susceptible of two meanings, the one restricting and the other extending the powers or privileges of the corporation, that construction is to be adopted which works least injury to the public.

2. The charter of the Louisville Gas Company, approved March 16, 1888, was designed to give it the exclusive privilege to manufacture and sell in said city two kinds of gas for two purposes— fuel or heating, gas for heating purposes, and illuminating gas for illuminating purposes. .

3. By the amendment to the charter of April 26, 1890, the exclusive privilege to manufacture and sell fuel or heating gas for heating purposes, was surrendered, which left said gas company the exclusive privilege to make and sell illuminating gas for illuminating purposes.

4. The business of furnishing gas for *heating purposes* is not governmental in its nature or character, and can not be made the subject of an exclusive privilege.

5. The sale of *natural gas* by the Ky. Heating Company not only does not, but could not be violative of the exclusive privilege of the Louisville Gas Company to make and vend *artificial* illuminating gas.   Such claim is in direct conflict with section 10 of its charter.

6. The doctrine of implied exclusion in favor of grants of franchise, which are not by their terms exclusive, has been overturned even in the few States where it first found favor.   It is not the law in Kentucky.

7. The Louisville Gas Company has no franchise in relation to the introduction or sale of natural gas.   It can only claim a franchise to the manufacture and sale of artificial gas.   The franchises are not identical and neither can fall within the express or implied exclusive limits or operation of the other.

8 A public service which the appellee has no power or right, under its charter, to render, can not, when rendered by appellant be either an invasion or usurpation of appellee's charter rights or privileges.

Ky. Heating Co. v. Louisville Gas. Co.

9. The appellee, by voluntarily abandoning the only public service, imposed upon or assumed by it under its charter, to-wit: The lighting of the streets of Louisville by gas lamps, has destroyed the consideration for the grant to it, of the exclusive privilege to make and vend illuminating gas in said city.

10. The ordinance of August 11, 1888, confers no right whatever upon appellee. If the terms or conditions of the ordinance have been violated in any way by appellant, the city alone can complain.

11. The artificial gas manufactured by the Ky. Rock Gas Company is not illuminating gas within the meaning of that term in appellee's charter.

12. Illuminating gas, in a commercial sense, means gas having sufficient lighting capacity to make it commercially valuable and useful for illumination when burned through a five-foot burner and in naked flame. Fuel gas is defined to be gas useful for fuel purposes, but lacking the candle power requisite to an illuminating gas.

13. The contention made for appellee, that by the term "fuel gas," as found in the amended charter of the Ky. Rock Gas Company, blue gas only is meant, is absurd. Blue gas uncarburetted, is unfit for fuel consumption. It is poisonous, odorless and highly explosive.

14. The Legislature intended by the amendment to the charter of the Louisville Gas Company, and to that of the Ky. Rock Gas Company, to secure to the public the advantage of competition in the business of furnishing gas for heating purposes.

15. If the contention made for appellee as to the meaning of the terms "fuel gas" and "illuminating gas" be sound, the public can not be served as the appellant is now serving it—by the manufacture and sale of cheap fuel gas of low candle power.

16. Gas furnished for heating mantles of Welsbach burners is not furnished for an illuminating, but for a heating, purpose.

17. The appliances which enable citizens to use appellant's gas in this way, to heat to incandescence the mantles of Welsbach burners, belong to them, and their right to use such appliances can not be controlled by the appellant, nor be legally interfered with by any one.

18. Both the natural and artificial gas sold by appellant are, when delivered to the consumer upon his premises, strictly non-illuminating gas. If the Welsbach light could be regarded as a gas light, the right of the citizens of Louisville to manufacture it on their own premises, and for their own use is *expressly* reserved to them in appellee's charter.

19. The appellant's natural gas and fuel gas, when sold and delivered to the consumers, become his property.

20. The construction placed upon the terms "illuminating gas" and "fuel gas" by the appellee, appellant and the City of Louisville for ten years prior to the institution of this suit, should govern, if there were any doubt as to their true meaning.

21. The Legislature intended that the artificial gas which the appellant was authorized to make, should go to supplement the natural gas supply and be mixed with the natural gas in the mains of the company, and it could not have intended that the artificial gas should be uncarburetted blue gas, which can not be utilized in that way.

22. The appellee offered no evidence in proof of the charge that appellant was a trespasser or usurper of appellee's exclusive privilege to sell *illuminating* gas for illuminating purposes, and the undisputed facts show an acquiescence on the part of the city, equivalent to express consent, and such consent must be presumed.

23. The appellee is estopped by its laches and by its acquiescence in the sale by appellant of natural gas for use in Welsbach burners, and by its acquiescence in the manufacture and sale of fuel gas by appellant, to now object to either, even if it could otherwise do so.

24. The appellee, although vested with the right to make and vend fuel gas in said city, has made no effort to make or furnish such gas for public use. On the contrary it has directed all its efforts to force the gas upon the public, both for heating and lighting purposes, the high-priced illuminating gas, thereby perpetrating a fraud upon the public, and therefore has no standing in a court of equity.

### AUTHORITIES CITED.

Stein v. Bienville Water Co., 141 U. S., 47; Citizens' Gas Light Co. v. Louisville Gas. Co., 81 Ky., 268; Louisville Gas Co. v. Citizens' Gas Co., 115 U. S., 683; Phil. Ry. Co.'s App., 102 Penn St., 123; Belmont Co. v. Wheeling Co., 138 U. S., 287; Dillon on Mun. Cor., sec. 320; Comrs. of North Liberties v. Gas Co., 12 Penn. St., 318; Edwardsville R. R. Co. v. Sawyer, 92 Ill., 377; Peoples' Gas & Elec. L. Co. v. New Jersey, 46 N. J. Eq., 297; Charles River Bridge Co. v. Warren, 11 Peters, 420; Thompson on Corp., vol. 4, sec. 5409; same, vol. 1, sec. 776; Auburn Plank Road Co. v. Douglas, 9 N. Y., 444; Morawetz on Corp., sec. 323; Cooke on Corp., sec. 913; People v. Gen. Elec. Ry. Co., 50 N. E. Rep., 158; Abbott's Trial Evid., 2 ed., 955; Beach on Mod. Eq. Jur., sec. 16; Calhoun v. Millard, N. Y., 69; Dulaney v. L. & N. R. R. Co., 18 Rep., 1089; Cit. St. Ry. Co. v. Jones, 34 Fed. Rep., 580; Herman on Estoppel, sec. 1221; Gordon v. Winches-

ter B. & L. Assn., 12 Bush., 114; Rogers on Exp. Evid., sec. 26; Champ v. Com., 2 Met., 29; Warren Gas Light Co., 161 Penn. St., 510; Keystone Fuel Gas Co. v. Williamsport Gas Co., 2 Penn. Dist., 83; Scranton Elec. Light Co.'s Appeal, 122 Penn. St., 176; L. & P. R. R. Co. v. Lane City Ry. Co., 2 Sav., 168; Covington & L. P. Co. v. Landford, 164; N. S., 580; People v. Equitable Gas Light Co., 141 N. Y., 232; Bridge Projectors v. Hoboken, 1 Wall, 149 Cooley's Con. Lim., 6 ed., 487; Chenango B. Co. v. Binghamton B. Co., 27 N. Y., 87; Barbee v. City of Louisville, 83 Ky., 95.

HELM, BRUCE & HELM, ATTORNEYS FOR APPELLANT.

### POINTS AND AUTHORITIES.

**1.** A corporation or person who has no rights distinct from the general public can not complain of an alleged violation of a city ordinance. Such a right belongs alone to the city. Dulaney v. L. & N., 100 Ky., 628; Citizens Gas Light Co. v. Louisville Gas Co., 81 Ky., 269; Cosby v. O. & R. R. R. Co., 10 Bush., 288.

**2.** A grant of an exclusive privilege is to be strictly construed against the grantee in favor of the common right. Cooley's Con. Lim., sec. 393; Sedgwick on the Const. of Stat. and Con. Law, p. 595; Morawetz on Private Corp., sec. 1057; Richmond R. R. Co. v. Louisa R. T. Co., 13 How., 78; Bridge Proprietors v. Hoboken Co., 1 Wall., 116; Stein v. Bienville Water Co., 141 U. S., 67; Saginaw Gas Light Co. v. Saginaw, 28 Fed. Rep., 529; Parkersburg Gas Co. v. City of Parkersburg, 4 S. E., 650; Omaha Horse Ry. Co. v. Cable Tramway Co., 30 Fed. Rep., 324; R. R. Co. v. Canal Com., 21 Pa. St., 22; Charles River Bridge v. Warren Bridge, 11 Pet., 535; Ohio Valley Life Ins. & Trust Co. v. Debolt, 16 How., 426; Dubuque & Pac. R. R. v. Litchfield, 23 How., 66; Minturn v. Larue, 23 How., 435; Delaware R. R. Tax Case, 18 Wall., 225; Slidell v. Grandjean, 111 U. S., 412; Belmont Bridge v. Wheeling Bridge, 138 U. S., 287; L. & N. R. R. Co. v. Kentucky, 161 U. S., 677; Cosaw Mining Co. v. South Carolina, 144 U. S., 562; Richardson v. Ruehl, 77 Mich., 658; Munnsville v. Ohio R. R. Co., 20 L. R. A., 170; Indianapolis R. R. Co. v. Citizens, 8 L. R. A., 548; Davis v. Leitchfield, 21 L. R. A., 568.

**3.** The construction placed upon an Act of the Legislature or an ordinance of a city, shortly after its passage, by those who are supposed to be the authors of it, or by those who have to act under it, will not be disregarded without the most cogent reasons, and will be adopted as conclusive where the failure to do so will result in upholding the grant of an exclusive privilege in derogation of the common right. Harrison v. Com., 83 Ky.,

Ky. Heating Co. v. Louisville Gas. Co.

171; Barbour v. City of Louisville, 83 Ky., 95; Clark's Run, &c. v. Com., 96 Ky., 527, 532; Pomeroy's Note to Sedgwick, p. 237; U. S. v. Pugh, 99 U. S., 269; U. S. v. Moore, 95 U. S., 763; Hastings, &c. R. R. Co. v. Whitney, 132 U. S., 366; Heath v. Wallace, 138 U. S., 582; U. S. v. Ala. R. R., 142 U. S., 621.

4. Where the parties interested in certain grants of power have acted upon a certain construction, and one on the faith of the acquiescence of the other makes large expenditures, and the public, on the good faith of the same acquiescence, acquires rights, laches of the party thus acquiescing in waiting several years before making objection, will estop it to afterward insist upon a construction inconsistent with the public right or to the detriment of those who, in good faith, have acted upon the long silence and acquiescence of the party complaining. Hammond v. Hopkins, 143 U. S., 250; Mackall v. Casilear, 137 U. S., 566; Johnson v. West India Transit Co., 156 U. S., 640; Speidell v. Henrici, 120 U. S., 377; High on Injunction, sec. 7; Kerr on Injunctions, p. 16,* p. 43;* Smith v. Clay, 3 Brown's Chan., 638; Kincaid v. Ind. Nat. Gas Co., 124 Ind., 572; S. C., 19 Am. St. Rep., 113; Mansey v. Jost, 74 Ind., 413; B. & O. R. R. Co. v. Strauss, 37 Md., 237; McAuley v. Western Vermont R. R. Co., 78 Am. Dec., 629; Pomeroy's Equity, sec. 418; Old Times Distillery Co. v. Casey & Swasey, 20 Ky. Law Rep., 994.

5. In the construction of a grant of exclusive privilege it should be held that the grant is not infringed unless the party complained of is *doing the same thing, in the same manner*, as was contemplated the thing should be done at the time of the grant. Bridge Projectors v. Hoboken, 1 Wall., 147; Bischoff v. Wethered, 9 Wall., 812; Omaha Horse Railway Co. v. Tramway Co., 30 Fed. Rep., 324; Bridge Co. v. R. R. Co., 3 Sanf. Ch., 625; McRea v. R. R. Co., 2 Jones Law, 186; Saginaw Gas Light Co. v. Saginaw, 28 Fed., 629; Teachout v. Des Moines Broad St. Ry., 38 S. W., 145; Parkersburg Gas Co. v. City of Parkersburg, 4 S. E., 560; Emerson v. Commonwealth, 108 Pa. St., 111; Louisville & Portland R. R. Co. v. Louisville City Ry. Co., 2 Duv., 178.

T. L. EDELEN, ATTORNEY FOR APPELLANT.

## POINTS AND CITATIONS.

1 The charters of the appellant and the appellee as amended will satisfy Your Honors that the exclusive right now vested in the Louisville Gas Company is a right to sell the illuminating gas as defined by that company's charter; that is, gas having a luminosity of not less than sixteen candles. An act to incorporate

the Louisville Gas Company, Acts '87-88, p. 157; An Act to amend the charter of Louisville Gas Company, Acts '89-90, p. 1479; An act to incorporate Kentucky Rock Gas Company, Acts '87-88, p. 466; An act to amend charter of Kentucky Rock Gas Company, Acts '89-90, p. 22.

2. As injunctions are granted only to protect property rights, an injunction will not lie at the suit of the Louisville Gas Company to restrain the appellant from manufacturing and selling gas of a less luminosity than sixteen candle power. Citations under point three.

3. The Louisville Gas Company having slept upon its rights for years while the Kentucky Heating Company has been exercising a franchise which the appellee now claims was a violation of its own exclusive right, will not be granted an injunction to protect its right (a) upon the principle of equitable estoppel, or, if not that, (b) upon the ground of laches. Reed v. Gifford, 6 Johnson's Chancery, 19; Old Times Distilling Co. v. Casey & Swasey, 20 Ky. Law Rep., 994; note to Millheiser v. Willard, 2 Am. & Eng. Dec. in Eq., p, 450; Prince's Metallic Paint Co. v. Prince's Mfg. Co., 57 Fed. Rep., 938; Mueller v. Mueller, 95 Fed. Rep., 155; Kittle v. Hall, 29 Fed. Rep., 508, and citations; Article "Injunctions," Ency. of Law; Kinkead v. Indianapolis Natural Gas Co., 124 Ind., 577.

4. The Louisville Gas Company will not be permitted to complain of the usurpation, if any, by the Kentucky Heating Company of a franchise not granted to it by ordinance. Dulaney, &c. v. Louisville & Nashville R. R. Co., 100 Ky., 608; Zabriskie v. Jersey City, &c. Co., 13 N. J. Eq., 314; Morris & Essex R. R. Co. v. Cruden, 20 N. J. Eq., 530.

HUMPHREY, BURNETT & HUMPHREY, ATTORNEYS FOR APPELLEE.

HAZELRIGG & CHENAULT OF COUNSEL.

The judgment of the lower court determined:

1. That the appellee, Louisville Gas Company, has the exclusive right to manufacture and sell illuminating gas for illuminating and heating purposes. We submit that the appellant, Kentucky Heating Company, expressly admitted that this was true in its answer, and after such express admission it is too late for it to contend to the contrary.

2. That the right to introduce natural gas into the city was wholly dependent upon the consent of the city, and therefore subject to any restrictions imposed by the city ordinance.

3. That the ordinance had restricted the right to sell natural gas, for heating purposes only.

Ky. Heating Co. v. Louisville Gas. Co.

4. That appellant, the Kentucky Heating Company, could sell natural gas, or a mixture of natural and artificial gas, but could not sell either or a mixture of the two, for illuminating purposes.

(a) The gas which the Kentucky Heating Company manufactures and mixes with its natural gas is an illuminating gas.

(b) The ground upon which we insist that the Kentucky Heating Company has no power to sell either a natural gas or a mixture of natural and artificial gas, for illuminating purposes, is further based upon the proposition that in so doing it is usurping a public franchise.

One who usurps a public franchise is guilty of a public nuisance. A public nuisance can be restrained and enjoined not only by the public, but by any one having a special interest therein, or specially injured thereby.

5. The court further determined: "Appellant is enjoined from selling, to use in Welsbach burners or other mechanical contrivances, for the purpose of illumination, either natural or artificial gas or a mixture of the two."

### AUTHORITIES CITED.

Northern Central Gas Co. v. Mayor, 21 Md., 93; City of Newport v. South Covington, 89 Ky., 29; Huzzey v. Field, 2 Cr. M. & R., 432; R. & D. R. Co. v. D. & R. Co., 18 N. J. Eq., 546; P. R. R. v. N. Y. R. Co., 23 N. J. Eq., 441; Jersey City Gas Co. v. Dwight, 29 N. J. Eq., 242; Newport v. Newport Light Co., 84 Ky., 166; Lou. Gas Co. v. City Gas Co., 115 U. S., 683; N. O. Gas Co. v. Lou. Light Co., 115 U. S., 650; (12 Am. & Eng. Ency., 566); Northcutt v. Turney, 19 Ky. Law Rep., 483; Lasley v. Lackey's Admr., 4 Ky. Law Rep., 896, 897; Cov. R. R. Co. v. Bowler, 9 Bush., 493; Rahtjen's Am. Co. v. Holzappel's Comp. Co., 101 Fed. Rep., 257.

HAZELRIGG & CHENAULT, ATTORNEYS FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. The Louisville Gas Company has the exclusive privilege of manufacturing and selling illuminating gas in the city of Louisville for illuminating and heating purposes, and every gas is "illuminating" which gives an appreciable light of some candlepower.

2. The Heating Company, by implication, has the competitive right to make fuel gas; that is, "non-illuminating fuel or heating gas," and may use this mixture with its natural gas for heating purposes only.

3. The Heating Company in its use of the streets of the city of Louisville distributing gas, natural or artificial, for lighting pur-

poses is usurping a public franchise, and is guilty of maintaining a public nuisance, and may be enjoined, therefore, by any one whose business is especially injured or interfered with. Ruttle, &c. v. City of Covington, &c., 10 R., 776; Cosby v O & N. R. R., 10 Bush., 288; Dulaney v. L. & N., 100 Ky., ₿28; Jersey City Gas Co. v. Dwight, 29; N. J. Eq., 242; Huzzy v. Field, 2 Cr. M. & R., 432; R. & D. B. Co. v. D. & R. Co., 18 N. J. Eq., 546; Penn. R. R. v. N. Y. Ry. Co., 23 N. J. Eq., 441; 6 Thompson on Corp., secs. 7774, 7768; 5 Thompson on Corp., sec. 6034.

4. When the Heating Company puts its natural gas or artificial gas, or a mixture of the two, into pipes, and connects them with Welsbach burners for the purposes of furnishing light, it is distributing illuminating gas for illuminating purposes.

OPINION OF THE COURT BY JUDGE DuRELLE.

The Louisville Gas Company brought its suit in equity against the Kentucky Heating Company for an injunction to restrain the heating company from sending through any of its pipes laid in the city of Louisville gas other than natural gas, and from sending natural gas through its pipes for any purpose other than heating, and from erecting or operating gas works in the city for the manufacture or sale of illuminating gas for illuminating or heating purposes, and from vending artificial gas for heating or illuminating purposes, etc. To this the heating company filed an answer and counterclaim, praying that the petition be dismissed, and the gas company enjoined from throwing a cloud upon the privileges and franchises of the heating company. A reply was filed, a large mass of testimony taken, and upon final hearing the circuit court delivered its opinion, and rendered judgment in favor of the gas company upon the question now under consideration. In the opinion it was held that, as between the two companies, the gas company had the exclusive right to sell gas for illuminating purposes; that the heating company, as the owner of the privileges of

the Kentucky Rock Gas Company, had the right to con-
duct natural gas from property owned or controlled by it
to any city wanting the same and assenting to its intro-
duction on terms and conditions to be agreed upon, and
also to manufacture and sell fuel gas for heating pur-
poses; that the introduction of natural gas in the city
of Louisville for a period of twenty years was consented to
by the city council under certain restrictions, one of which
was that the gas should be supplied to citizens for heating
purposes only; and that this restriction was valid and
binding upon the heating company. It was also adjudged
that the sale of natural gas for use through the agency
of Welsbach burners for illumination was a sale for il-
luminating purposes, and therefore the Kentucky Heating
Company, its officers, agents and employes, were perpet-
ually enjoined from distributing or selling within the city
of Louisville natural gas, or artificial gas, or a mixture of
the two, for illuminating purposes, or to be used
for any purpose except for heating purposes, and
from distributing or selling natural or artificial
gas, or a mixture of the two, for use in the
connection with the Welsbach burner, or any other
mechanical device or contrivance by means of which il-
lumination is produced. After the entry of the judgment
the heating company issued a circular stating that it had
been enjoined from selling gas for Welsbach lights; that
it should appeal from the decision, and requesting persons
using gas in that way to disconnect their pipes, and ar-
range other means for lighting their houses. Since the
appeal in this case was taken, application has been made
to this court to punish the heating company and its offi-
cers for contempt committed by failing to obey the in-
junction granted by the circuit court. It is charged that

in some sixty business houses, the street numbers of which are stated, the heating company's natural gas is being used in Welsbach burners; that the agent of the heating company goes each month to these various places and takes the state of the meter; and that at said times it is easy for him to see what are the gas fittings and connections, and that there is no gas being furnished but the heating company's gas, which is being used through Welsbach burners; and that to none of these customers does the gas company furnish its gas. The response of the heating company and its officers is to the effect that they have no purpose of ignoring or evading the judgment of the court, and that they will faithfully abide by and use all means in their power to see to it that any order made by the court shall be faithfully obeyed. They aver that, with three or four exceptions, they do not know any customers using the heating company's gas for purposes of illumination, and that they have no means of ascertaining who, if any, are so using that gas, except by detailed investigation into the private residences of customers, which they submit they have no power to conduct. It is further urged that, while respondents have reason to believe that some of the company's customers are making this use of the gas furnished by the heating company, they have not that certainty of knowledge which would justify them in turning off the total supply of gas from the houses of such persons. It is asked that, if the court concludes that the gas should be turned off from the houses in which natural gas is used for illumination, the respondents be protected by a specific order indicating the houses from which the gas supply should be turned off. There are other matters contained in the response, which seem to us to be principally argument directed to the merits of the case. The

Ky. Heating Co. v. Louisville Gas Co.

merits of the case are not now before us, nor under consideration. The simple question before us is whether the heating company and its officers are selling natural gas to be used to produce illumination. We think the response itself, when considered in the light most favorable to respondents, shows on its face that they are selling natural gas, or a mixture of natural and artificial gas, to persons who they know are using it to obtain illumination; and this is a sale for illuminating purposes. Giving the fullest credit to the statements of fact made by the respondents, it appears that no effort has been made to restrict the use of the gas sold by the heating company to its customers to heating purposes only. We think that full and complete obedience to the injunction of the circuit court requires that such effort should be made. When this company itself sold its gas for the two purposes of heating and illumination at different rates, it appears to have experienced no difficulty in ascertaining in what houses its gas was used for illumination, or in collecting for such gas at the higher rate. We can not see that there should be greater difficulty in ascertaining which of its customers use the gas furnished to them for lighting purposes, and in putting a stop to such use. We do not mean to say that the company is required to adopt means which shall be absolutely perfect. It may be that some of its gas was surreptitiously used for lighting purposes when it had the double rate. It may be that this can not be entirely prevented now. But the order of injunction, in our view, requires that the effort to render obedience to it shall be fair and full, and no such effort has been shown. As a matter of course, this court has no intention of entering a specific order directing what particular

houses the heating company's gas shall be cut off from. That is a matter for the respondents to attend to.

We see little merit in the contention that the customers who are thus using the gas are entitled to be heard. The heating company is supposed to sell them gas for heating purposes. Surely, it has no agreement with them that it may be used for illuminating purposes. It has the right to insist that its gas shall be used only for the purposes for which, under the judgment, it has the right to sell it. It has the right to prevent them using it for any other purposes. As a practical question, it has succeeded in so doing heretofore, and it can do so again. The judgment of the circuit court, until and unless it shall be reversed, remains the law, and must be obeyed as such, both in letter and spirit. Upon the present proceeding no argument addressed to the merits of the case or the correctness of that judgment can or should be considered. The response is adjudged insufficient, and the rule made absolute, but the question of the penalty to be imposed is reserved, to be considered hereafter upon motion of appellee.