The State, ex rel. Dalrymple, v. Stockwell.

THE STATE, *ex rel.* DALRYMPLE, V. STOCKWELL.

MANDAMUS—*Approval of Bond.* If within twenty days after an election held for the purpose of relocating a county-seat, an elector files in the office of the clerk of the district court of said county a notice of contest, and a bond of legal form, and with sufficient security, and said clerk refuses to approve said bond, he may be compelled so to do by mandamus.

*Original Proceedings in Mandamus.*

AN election was held on the 21st of May, 1870, for the removal and relocation of the county-seat of Ottawa county. The vote was canvassed and result declared May 28th. After said canvass, and on said 28th of May, *Thomas Dalrymple*, the relator, filed in the office of the clerk of the district of Ottawa county, a notice, as provided by § 2, ch. 27, laws of 1869, that he should as an elector of said county, contest the said election. At the same time he filed in said office a bond, signed by himself and two sureties, conditioned for the payment of

"all classes of the community, whether such classes are electors or not.  *  *  * Said "ch. 27, laws of 1869, gives to electors of the county the right to contest a county-seat "election; and from this fact it is inferred that said act takes away the right of such "elector to question the validity of such an election in any other manner. But this "reasoning fails when it comes to be applied to such persons as are not electors of the "county; for instance, persons owning real estate in the county, or otherwise interested "in the county, and who are beneficially interested in a particular place being the "county-seat, but who are women, or minors, or persons disqualified from voting, or are "non-residents of the county. It will hardly be claimed that the act of 1869 takes "away the right of such person to question the validity of a county-seat election, except "by contest under that act; for if it does, then such persons will have no remedy at "all. It seems to us, that *county commissioners* represent all classes of society, whether "such classes be voters or not; and if they do, then it must be conceded that whenever "*they are sued as county commissioners*, whenever they are sued for the purpose of com- "pelling them to perform some official act, they may set up any defense that any class "or person whom they represent could set up were such class or person the defendant." —6 Kas., pp. 535, 536, and "Errata," same vol., p. 14.]

costs in case his contest should not be successful. Said bond being informal, the relator, on the 2d of June filed another bond, signed by himself and three persons as sureties, "conditioned for the payment of all costs," etc., (following the words of said § 2, respecting the condition of the bond.) The respondents, *Wm. H. Stockwell* and *L. M. Steele*, were at the time respectively the clerk and deputy clerk of the said district court. They refused to approve said bonds, or either of them, assigning as ground for such refusal that said bonds "were not made out in compliance with the statutes relating to appeal in contest cases." The respondents also refused to make publication of the fact of the filing of said notice and bond, and to forward copies thereof to the judge of the district court, as required by § 3 of said ch. 27.

On the first day of September the relator filed in this court his petition for an alternative writ of mandamus commanding the respondents to approve said bonds and make such publication, or show cause, etc. The writ was issued, returnable January 4th, 1871. The respondents appeared and moved to quash the said writ; and on the hearing of said motion the principal objection urged thereto was that the said bonds were not in proper and sufficient *form*, but the court held the bonds sufficient in form, and overruled said motion. Respondents then answered, alleging that "the said bonds were not executed in their presence; that no proof was offered that the sureties therein had executed the bonds; that said sureties had not offered to justify," etc.

*A. L. Williams* and *John Guthrie* appeared for the relator, on the hearing of the case, and *J. M. Spencer* and *J. Safford* for the respondents. The case was argued orally. No briefs on file.

The opinion of the court was delivered by.

. BREWER, J.: This is an original proceeding in this court, brought by the relator to compel the approval of a bond filed by him under section two of the act providing for contesting the location of county-seats, (ch. 27, laws of 1869,) and also the publication and the giving of notice to the district judge, provided in section three of said act. The relator is an elector of Ottawa county. The defendants are respectively clerk and deputy clerk of the district court of said county. The vote concerning the removal of the county-seat was held on May 21st, 1870; the result declared by the county commissioners, May 28th, 1870.

Two bonds were filed by the relator, one dated May 28th, and the other June 2d, 1870. Both bonds were filed, but neither was approved. The sufficiency of the one dated June 2d, 1870, in matter of *form*, has been heretofore determined by this court, on a motion to set aside and quash the alternative writ issued herein. The sufficiency of the *sureties* remains to be decided. Upon that point we have proof of the admissions of respondents, that the reason for refusing to approve, was, a supposed defect in the *form* of the bonds; and the testimony of one witness concerning the actual pecuniary condition of the sureties; and from this we are satisfied of their sufficiency. Several defenses are set up in the answer filed herein, but no proof was offered in support of them by respondents. The peremptory writ must issue.

. All the Justices concurring.