CASE 67—ORDINARY—SEPTEMBER 12, 1882.

## City of Newport v. Berry.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. The amount of appellee's salary is by the statute left to the discretion of the city council of Newport.

2. The policy of the law is to encourage the performance of municipal duties, both ministerial and judicial.

3. When the duties of municipal corporations are purely ministerial, the writ of *mandamus* lies to compel their performance; but when judicial in their nature, and the manner of their performance is so prescribed as to call for the exercise of discretion, the courts will not take jurisdiction to regulate the exercise of such powers unless the corporation have acted in bad faith.

City of Newport v. Berry.

A. T. ROOT for appellant.

1. The principle of law is well established that discretionary powers vested by law in corporations are not subject to judicial control.

2. The power vested in the city council is one of sound judgment and discretion. (Act to provide for establishing county courts in Newport, *approved February* 26, 1863; Amendment to same, approved February 15, 1864; Laws of Newport, pp. 140, 141, 145; Grant Corp., 34; Cooley's Const. Lim., 74; Dillon on Municipal Corp., vol. 1, sec. 172; 5 Tiffany, 489; 9 Green's Rep., N. J., 143; 12 Peters, 524; 14 *Ib.*, 497; 5 Howard, 92; Moses on Mandamus, 74 to 78.)

J. R. HALLAM and R. W. NELSON for appellee.

1. The circuit court has jurisdiction of all causes where by law jurisdiction is not vested exclusively in some other tribunal.

2. The act of the legislature is mandatory, and not merely permissive, and leaves no discretion as to the nature or amount of payment to be made. (Dillon on Municipal Corp., sec. 686; Moses on Mandamus, 23; Garrard County Court v. McKee, 11 Bush, 239.)

CHIEF JUSTICE HARGIS delivered the opinion of the court.

The legislature, on the 23d day of February, 1863, passed an act to provide for establishing county courts in Newport, and directed that "the city of Newport shall pay the presiding judge of the county court such reasonable sum for his services in holding said courts as the city council of said city may annually determine."

The appellee was elected twice, and served eight years as county judge, and as such during that period held the county courts in the city of Newport.

After the expiration of his second term, he brought this suit in the circuit court, alleging that his services were reasonably worth $600 per year for the eight years that he served, and that the appellant had wholly failed and refused, either by itself or by its city council, to make any allowance whatever in his favor, except for the year 1876, the city council fixed his salary at $200, which he accepted under protest.

The petition, and the exhibit filed with it, however, when considered as a whole, plainly shows that he had been regu-- larly paid $400 per annum for five years; $325 for the sixth, and $200 per annum for the last two years, and his failure to deny the specific charge in the answer that his salary had been fixed and determined at those sums by the city council was an admission that such was the fact.

There is no bill of evidence in the record; but the pleadings present the issues of law, which must determine the rights of the parties regardless of the proof as to the reasonableness of the allowance, which was the only issue of fact in the case.

Whether the circuit court had any jurisdiction to determine the reasonableness of the allowances made to the appellee by the city council, is a question of some moment, and we will briefly present the views which are considered essential to its solution.

The policy of the law-making power throughout the history of municipal corporations seems to be to encourage the performance of municipal duties, both ministerial and judicial, by legally constituted municipal agents or officers.

And when the duties are purely ministerial, the remedy for a failure or refusal to perform them lies in the writ of mandamus; but where they are judicial in their nature, and the manner of performance is so prescribed as to call for the exercise of discretion on the part of the officers to whom their discharge is confided, the courts have no jurisdiction to regulate the manner of the exercise of such powers or duties, or to substitute their judgments for those of the officers, unless the latter have acted in bad faith or corruptly.

City of Newport v. Berry.

This seems to be in harmony with the current of authority, and the natural result of the supreme power of the legislature over corporations, their officers, and the compensation thereof.

When the appellee began, and throughout the performance of his duties as county judge, he is presumed to have known that the city council were vested with the power to determine the sum of his allowance, subject to the limitation that its amount should be reasonable.

And the city council having made the annual allowances which were paid to and accepted by him, and there being nothing in the record showing that the council acted corruptly, in bad faith, or that the allowances were not the result of a fair judgment and honest opinion on their part, their action must be regarded as final, there being no statutory appeal from their decision.

The cases of Gudgell v. Bath County Court, MS. Op., October, 1880, and Ohio County Court v. Newton, 79th Kentucky, 268, by analogy, strongly support the doctrine of this opinion.

In each of those cases, had there been no statutory appeal from the decisions of courts of claims, their allowances of salaries to the county officials would have been final, as they were before the passage of the statute authorizing appeals in such cases, unless for the same reasons that would authorize the interposition of the courts to correct or enforce the action of the city council of Newport under the statute quoted at the beginning of this opinion.

Wherefore, the judgment is reversed, and cause remanded, with directions to grant appellant a new trial, and for further proper proceedings.