CASE 40—MANDAMUS—MAY 28.

# McDonald, Justice, &c., v. Jenkins.

APPEAL FROM FRANKLIN CIRCUIT COURT.

MANDAMUS will not lie to correct the erroneous judicial or *quasi* judicial action of subordinate officers or tribunals.

A Justice of the Peace can not be compelled by mandamus to approve a bond, where he is required by law to judge of the solvency of the sureties, his action as to that matter being at least *quasi* judicial.

JOHN B. LINDSEY FOR APPELLANT McDONALD.

The discretion of an officer in deciding upon the sufficiency of a surety on a bond can not be controlled by the circuit court, by mandamus. (Arberry v. Beavers, 6 Texas, 457; s. c. 55 Am. Dec., 791; 2 Texas, 357; 3 Texas, 51 and 58; 4 Texas, 400; Hull v. Oneida, 19 Johns., 259; Rice v. Commissioners, 13 Pick., 225; Dane v. Derby, 89 Am. Dec., 728; *Ex rel.* Tucker v. Seaman, 17 How., 230; Atchison, County Judge v. Lucas, 83 Ky., 451; Haly v. Frankfort Building Asso., 4 Ky. Law Rep., 362; Carey v. Trustees of Town of Butler, 6 Ky. Law Rep., 744; Shine v. Ky. Cent. R. Co., 8 Ky. Law Rep., 748; Commonwealth, &c., v. Boone County Court, 82 Ky., 633; City v. Kean, 18 B. M., 9; Goheen v. Myers, 18 B. M., 423; City v. Berry, 80 Ky., 354; Ohio County v. Newton, 79 Ky., 267; Civil Code, sec. 476; Nelson County v. Washington County, 14 B. M., 92; Commonwealth v. Avery, 14 Bush, 625; Lowe v. Phelps, 14 Bush, 642; Cook v. College of Physicians, 9 Bush, 541; Rudd v. Thorns, 1 J. J. M., 300; Easley's Ex'or v. Easley, 18 B. M., 93; McAllister v. C. M. L. Ins. Co., 78 Ky., 538.)

D. W. LINDSEY OF COUNSEL ON SAME SIDE.

McDonald, Justice, &c., v. Jenkins.

FRANK CHINN for appellant BUHR.

Mandamus does not lie in a case like this. (Civil Code, sec. 477; High on
    Ext. Legal Remedies, secs. 42 and 46; Wertheimer v. Howard, 30
    Mo., 420, cited in 77 Am. Dec., 623; Petition of Farwell, 2 N. H.,
    126; State v. Barnes, 25 Fla., 298.)

WM. LINDSAY for appellees.

'The Justice of the Peace acts in a ministerial capacity in accepting the
    traverse bond, and, therefore, mandamus lies to compel the perform-
    ance of that duty. (Cox v. Rich, 24 Kan., 21.)

·CHIEF JUSTICE HOLT delivered the opinion of the court.

This petition for a mandamus was filed in the Frank-
lin Circuit Court to compel the appellant, McDonald, as a
Justice of the Peace, to approve a traverse bond in a
proceeding upon a writ of forcible detainer, that had
been tried before him.

The Code of Practice provides that bond shall be given
with sufficient surety, to be approved by the justice, for
the costs of the proceeding and all damages caused by
the traverse. It it not admitted that the surety offered
was sufficient. That is now, and has been all the time,
in issue.

No such abuse of discretion is shown as, according to
some decisions, authorizes the issual of the writ; and the
question is presented, whether the writ will issue where
the justice has, in good faith and in the exercise of his
·discretion, refused to accept the surety upon the ground
that he is not, in his opinion, sufficient, but the superior
tribunal that is asked to issue the writ, is, from the evi-
·dence before it, of a different opinion.

As there is some contrariety of decision, it may help to
.guide us to a correct conclusion to briefly notice some
.general and elementary principles of the law upon this
.subject.

McDonald, Justice, &c., v. Jenkins.

The use of this writ is confined to cases where the person has a clear legal right, and no other adequate remedy. It can only be invoked where, without it, there will be a failure of justice.

If the act to be done be a mere ministerial one, commanded by law; if its performance be a mere ministerial duty, a mere incident of the office, then, whether the person who should do it be a judge or a strictly ministerial officer, the writ will lie to compel performance. In other words, it does not follow that an act is judicial because done by a judge. For instance, a justice acts as his own clerk; and where he is required by law to do an act which in its nature is ministerial and involves no exercise of judgment, the writ will lie to compel performance in case of refusal.

Where, however, the act may or may not be done in the discretion or judgment of the party against whom the order is sought, it can only be invoked to set him in motion, and not to control his discretion. It may be used to compel action by a judge, but not to control the direction of his judgment.

It is often difficult to draw the line between those acts which are purely ministerial and those which partake of a judicial character. The nature of the act must be considered. Its character must determine whether the writ will lie. Is it in its nature judicial, or *quasi* judicial?

It is said that in this case, when the justice had decided the case his judicial functions ended, and that the taking of the bond was a mere ministerial act. He was required, however, to take a sufficient bond; one that would cover the costs of the proceeding, and all damages that might result from the traverse. This embraced whatever dam-

ages might result from withholding the possession during the pendency of the traverse in all courts to which the case might be taken, and the reasonable expenses of defending it. He had not only to exercise his judgment as to the solvency of the surety, but in estimate of the probable damages. He had to hear and weigh evidence upon these subjects, and then exercise his best judgment.

It is a general rule that where an officer has a discretion, it will not be controlled by mandamus. (Swan v. Gray, 44 Miss., 393.)

This rule is necessary to the safe and pure administration of justice.

If, in cases where he is required to exercise his judgment, he were constantly liable to suit, resulting in orders to do different, his independence would be destroyed, and that public confidence in official action, which is so necessary in the State, would cease to exist. If, looking to any hardship that may arise, it be said that an individual may sometimes suffer by his error, yet, this liability exists in all official action. If he acts corruptly, or designedly abuses his authority, he is liable to action; but being a disinterested party, he should not be liable to the costs of a suit where he errs in judgment, when he is required by law to exercise this judgment. Usually, if a litigant can give security which is in fact sufficient, he can give such security as will satisfy the doubt of the officer who is required to judge of it.

The approval or disapproval of the bond requires, of course, the exercise of discretion and judgment. The act is, in its nature, judicial. If, in such a case, he may be ordered against his own judgment to accept the bond, his discretion is taken away and the judgment of another

McDonald, Justice, &c., v. Jenkins.

is substituted in its place. The law in one breath would tell him to exercise his judgment, and in another it would take it away from him. After not only giving him the right to exercise his discretion, and requiring him at his peril to do so, it would take it away from him and order him to do that which, in his opinion, he ought not to do. It would subject to slavery his judicial opinion, and compel him to err in his judgment. This is contrary to reason, and the law does not require it.

The writ will not lie to correct the erroneous judicial or *quasi* judicial action of subordinate officers or tribunals.

It has been held that the action of a clerk of a court, in approving a bond where he is required by law to judge of the solvency of the sureties, is *quasi* judicial, and the exercise of the power will not be controlled by mandamus. (McDuffie v. Cook, 65 Ala., 430; Mobile Mutual Ins. Company v. Cleveland, 76 Ala., 321.)

It was the duty of the justice to take a sufficient bond. This necessarily required the exercise of discretion and judgment. There was no admission that it was sufficient, which would have obviated the need of an exercise of his judgment. The action was, at least, *quasi* judicial, and, therefore, mandamus does not lie.

The judgment is reversed with directions to dismiss the petition.