No. 20,675.

THE FARMERS AND MERCHANTS STATE BANK OF CONCORDIA, *Appellee,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLOUD, *Appellant.*

SYLLABUS BY THE COURT.

1. LIVE STOCK — *Diseased Cattle—Appraised and Killed — Certificate of Live-stock Commissioner—When Open to Attack.* In an action against a county· founded upon a certificate issued by the state live-stock commissioner, reciting the condemnation of certain cattle as infected with tuberculosis, and ordering payment to their owner of the amount fixed by the appraisement, such certificate is not open to attack except on account of fraud, collusion or similar misconduct. (Following *Cory v. Graybill,* 96 Kan. 20, 149 Pac. 417.)

2. SAME—*No Fraud in Appraisement.* In such a case evidence that the appraisers, by advice of the live-stock commissioner, appraised the cattle at their sound value, has no tendency to show fraud or its equivalent.

3. SAME—*Excluded Evidence—No Error.* A ruling excluding certain evidence held not to be reviewable because it was not produced at the hearing of the motion for a new trial.

4. SAME—*Pleadings—Necessary Proof.* In such a case it was not necessary for the plaintiff to plead that the cattle were not within certain excepted classes for which no compensation is allowed, nor to prove in the first instance any fact other than the issuance of the certificate.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed June 9, 1917. Affirmed.

*M. V. B. Van De Mark,* County Attorney, *F. W. Sturges,* and *Fred W. Sturges, jr.,* both of Concordia, for the appellant.

*Park B. Pulsifer, Charles L. Hunt,* and *Clyde L. Short,* all of Concordia, for the appellee.

The opinion of the court was delivered by

MASON, J.: The state live-stock commissioner issued to M. P. Knudson three certificates stating that cattle belonging to him had been condemned as being infected with tuberculosis. and disposed of in accordance with the statute (Gen. Stat. 1915, §§ 11083-11086), and ordering the payment by Cloud county of half their appraised value, and in the case of four animals, which a post-mortem examination showed not to have been infected, of the whole value. Knudson assigned the certificates to the Farmers and Merchants Bank of Concordia. The bank presented them for payment, and on this being refused brought an action upon them against the county. A verdict was directed in favor of the plaintiff, on which judgment was rendered. The defendant appeals.

1. A reversal is asked, principally on the ground that the defendant was not allowed to introduce evidence tending to show that irregularities were committed with respect to the condemnation of the cattle, that the appraisement was excessive, and that the cattle were brought into the state under such circumstances that compensation to the owner is forbidden by the statute. It has already been determined in a mandamus for the payment of a similar certificate (and the rule is necessarily the same in an action like the present) that the certificate given by the live-stock commissioner is conclusive upon the county in the absence of fraud, collusion or similar misconduct. (*Cory v. Graybill,* 96 Kan. 20, 149 Pac. 417.)

2. The defendant maintains that the evidence introduced and offered was sufficient to take to the jury the question of fraud in the appraisement. Its evidence on this point was mainly to the effect that the cattle were appraised at too high a figure. This had no tendency to show fraud. (*The State v. White,* 82 Kan. 777, 109 Pac. 402.) There was also testimony, however, that the appraisers, under the advice of the assistant live-stock commissioner, valued the cattle as if they were not diseased. If an appraisement were shown to have been made under a radical mistake of law as to the proper basis of valuation, it might be set aside on the ground that it did not represent the judgment of the appraisers as to the matter com-

Bank v. Cloud County.

mitted to them. (See, in this connection, 2 Page and Jones on Taxation by Assessment, § 672; 26 Cyc. 162; 28 Cyc. 1168; Notes, 7 L. R. A., n. s., 525, 98 Am. St. Rep. 871; *The State, ex rel. Dalrymple, v. Stockwell,* 7 Kan. 103.) "But the statute does not contemplate that a condemned animal shall necessarily be appraised at the value of the carcass because diseased and because it is to be slaughtered at once. If this were true, the alternative given the owner by section 23 [Gen. Stat. 1915, § 11101] would amount to nothing." (*Cory v. Graybill,* 96 Kan. 20, 29.) The law manifestly intends that the cattle condemned as tubercular, upon which disease has produced no effects visible to ordinary observation, shall be appraised at their sound value. The policy is that an animal which, after expert examination, is believed to be infected shall be killed, the loss to be borne wholly by the public if the belief proves ill-founded, and otherwise to be shared equally with the owner. To make a deduction from the apparent value of the suspected animal because of the suspicion would defeat the purpose of the statute.

3. The defendant called the live-stock commissioner as a witness, and asked him whether he had made any inquiry as to the origin of the cattle or as to how long they had been in the state. An objection to questions of this character was sustained. The defendant then offered to prove that the cattle were brought into the state in violation of the rules of the live-stock sanitary commissioner, and the offer was rejected. In the defendant's brief it is argued that error was committed in these rulings because the evidence, if admitted, would have had a tendency to show that the commissioner made no investigation as to the origin of the cattle, and neither knew nor cared where they came from, and that such conduct tended to prove fraud and collusion. From the abstract it appears that no offer in this connection was made at the trial beyond what has just been stated—that no explicit suggestion of a want of good faith on the part of the commissioner was made in connection with the offer. And upon the hearing of the motion for a new trial there was no showing that in fact the commissioner had not investigated the origin of the cattle. Therefore no ruling in connection with this matter is reviewable. (Civ. Code, § 307.)

4. These considerations practically dispose of the case, and only brief mention need be made of the complaints of specific rulings. The petition is criticised for its failure to allege facts showing that the cattle were not within any of the classes for which, under the statute, no compensation is to be made. Inasmuch as the certificates were sufficient to make a *prima facie* case, and were only assailable for fraud or its equivalent, it was not necessary for the plaintiff to plead the nonexistence of the exceptional conditions that would have prevented liability on the part of the county. Objections are made to the competency of evidence introduced by the plaintiffs showing the disposition of the cattle. As the certificates were sufficient in themselves until successfully attacked, the introduction of other evidence by the plaintiff, although unnecessary, could not have been prejudicial. Complaint is made that the order to pay was addressed to the county instead of to the board of county commissioners, but the difference in the form of expression is not important. The official title of the county as a litigant is "The board of county commissioners" (Gen. Stat. 1915, § 2532), but doubtless any apt designation would serve the same purpose.

The judgment is affirmed.