### GAINES v. NEAL, Court Clerk.

No. 15312—Opinion Filed June 10, 1924.

(Syllabus.)

**1. Bail—Constitutional Right.**

Under section 8, article 2, Constitution of Oklahoma all persons, except those charged with capital offenses, in certain cases, shall be bailable by sufficient sureties.

**2. Same—Approval of Bond—Duty of Court Clerk.**

Under section 2920, Comp. Stat. 1921, it is the duty of the court clerk, or his deputy, to approve a bond when tendered in legal form and with sufficient surety.

**3. Mandamus—Office of Writ—Controlling Judicial Discretion.**

The writ of mandamus may be issued by the Supreme Court or the district court, or any justice or judge thereof, during term or at chambers, to any inferior tribunal, corporation. board or person, to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust or station; but though it may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, it cannot control judicial discretion. Section 446, Comp. Okla. Stat. 1921.

**4. Same—Compelling Approval of Bonds.**

Where a bond is presented upon which reasonable men may differ as to its sufficiency, mandamus will not lie to compel its approval.

Original application for writ of mandamus by and on behalf of Marion Gaines praying that such writ issue to Martha M. Neal, Court Clerk of Logan County. Application for writ denied.

H. J. Mackey, for plaintiff.

Geo. W. Partridge, Co. Atty., for defendant.

WARREN, J. This is an original application for writ of mandamus by and on behalf of Marion Gaines, praying that such writ issue to Martha M. Neal, court clerk of Logan county, Okla. The petitioner alleges that he is now and has since March 1924, been incarcerated in the Logan county jail charged with the crime of possession of narcotics, by information in the district court of Logan county. He alleges that on April 21, 1924, he presented to Martha M. Neal, court clerk, defendant herein, a good and sufficient bond in the sum of $5,000 conditioned as required by law; that Martha M. Neal, defendant herein, as such clerk refused and still refuses to accept and approve such bond, but not on account of the insufficiency thereof, but that the act in so refusing was arbitrary because of a notation made thereon by such clerk to the effect that such bond was not approved because the property scheduled thereon was out of the county and because county attorney will not authorize such approval. Plaintiff further states that the district judge of Logan county has refused to require defendant to approve such bond.

The application was duly verified and an alternative writ issued out of this court on April 25, 1924, commanding the defendant to approve such bond tendered or to appear before this court on a date therein specified and show cause for such refusal.

The said Martha M. Neal, as such clerk, duly filed her response to such writ, in which she sets up facts to negative the allegation that her refusal to approve the bond tendered was arbitrary. She charges that the sureties on such bond are unknown to her and are nonresidents of Logan coun-

ty, Okla., and she has no means of ascertaining whether or not they are sufficient as sureties. She charges that the said Marion Gaines is an old offender in the particular crime charged in this case; that he has already been convicted and is under sentence to the penitentiary for five years and for $1,000 fine, which said conviction has been appealed to the Criminal Court of Appeals and is now pending. She alleges that one of the sureties on the present bond, Bernhagen, is indebted in a large sum, and that all his property scheduled on the bond is incumbered by first mortgages; that West, another bondsman, is a nonresident, was already on a large number of bonds; that Mae Gaines, a third bondsman, was a floater with no property and that no bona fide resident of Logan county was on the bond. She further alleges that the bond, except for Mae Gaines, is made by professional bondsmen for hire and that she does not believe under the facts it is sufficient to guarantee the appearance of Marion Gaines for trial.

The plaintiff has tendered a bond sufficient in form with three sureties. One of these sureties resides in Oklahoma county and schedules property in Oklahoma and Pottawatomie counties of the aggregate alleged value of $19,000 and lists his liabilities as 12 bonds of $1,000 each. One resides in Oklahoma county and lists property in Oklahoma county of the alleged value of $107,-500, all incumbered to the amount of $38,000. He is on two bonds aggregating $3,000. The third surety is the wife of plaintiff and is jointly charged with him in the case in which bond is required.

Mandamus will lie to compel the performance of an act which the law specially enjoins as a duty, resulting from an office, trust, or station. States ex rel. Stevenson v. McMillan, Judge, 21 Okla. 384, 96 Pac. 618.

Section 8, article 2, Constitution of Oklahoma provides:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

Section 2920, Comp. Okla. Stat. 1921, provides:

"Bail, by sufficient sureties, shall be admitted upon all arrests in criminal cases where the offense is not punishable by death, and in such cases it may be taken by any of the persons or courts authorized by law to arrest or imprison offenders, or by the clerk of the district court or his deputy, or by the judge of such courts."

Under the above provision of the Constitution and of the statute it was the duty of Martha M. Neal, court clerk, to approve an appearance bond, when in proper form, for the amount fixed and indorsed on the information (which was $5,000 in the instant case) and with sufficient sureties.

Where all the above conditions exist, there remains no discretion to be exercised and the refusal to approve such bond is arbitrary, and mandamus will lie to compel such approval. State ex rel. Dalryriple v. Stockwell, 7 Kan. 103. Does such a condition exist in the present case? The clerk says that the qualifying sureties are nonresidents; that the property of one is incumbered and no sufficient showing is made that it is worth more than the incumbrance; that the other qualifying surety was on twelve bonds of $1,000 each at the time this one was offered; that the remaining surety does not qualify and is not a bona fide resident of Logan county; that at least one surety should reside therein, presumably to secure local venue in the event of an action thereon.

While the bond offered may be sufficient, it is a matter on which reasonable persons may differ, and so long as there is room for difference of opinion among reasonable persons on the sufficiency of the bond, the refusal to approve is not arbitrary, and mandamus will not lie.

Application for writ denied.

JOHNSON, C. J. and NICHOLSON, HARRISON, and GORDON, JJ., concur.