## Trivette, Police Judge of Pikeville, et al. v. Stratton et al.

Feb. 10, 1939.

L. J. MAY and SIDNEY TRIVETTE for appellants.

F. M. BURKE and J. E. SANDERS for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Pike Circuit Court granting a writ of mandamus against the appellant E. E. Trivette, police judge of Pikeville, requiring him to approve the traverse bonds of the petitioners in a number of forcible detainer proceedings pending before him. It is asserted by appellants, the police judge and the James Hatcher Land Company (the latter was plaintiff in the forcible detainer proceedings), that the action of the police judge under Section 463 of the Civil Code of Practice in approving or disapproving the surety on a traverse bond is discretionary and therefore, under settled rules, this discretion may not be controlled by mandamus. This is the only serious question presented by the appeal and the only one that we deem necessary to discuss in this opinion. That the bonds as originally tendered were adjudged to be defective will not affect the validity of the bonds offered a day or two later. Civil Code of Practice, Section 682; Alderson v. Trent, 79 Ky. 259, 2 Ky. Law Rep. 248.

After appellees were found to be guilty of the forcible detainer, and within the time prescribed by law for the filing of a traverse and the execution of a traverse bond, they presented bonds, some of which were signed by one J. E. Sanders and all of which were either signed at the time or within a few days after their original execution by one Dr. B. F. Wright. No question is raised concerning the propriety of the action of the police judge in refusing to approve the bonds on which Mr. Sanders alone was surety. It is argued for appellees, however, and it was determined by the trial court that Dr. Wright is so thoroughly solvent that no real discre-

tion was involved in accepting him on the bond. It appears that Dr. Wright owns property of a fair value in excess of $100,000 and that he owns real estate worth $25,000 in excess of his fixed liabilities. It also appears, however, that Dr. Wright is one of thirteen sureties on the official bonds of the sheriff of Letcher County in the sum of $125,000. It likewise appears that at least a majority of the twelve other sureties are solvent. The police judge refused to approve Dr. Wright as surety solely because he would not be solvent if he was called upon to pay the full face value of the sheriff's bonds together with his other liabilities. This appears from his own testimony taken in the circuit court. He gave no consideration whatever to the fact that the liability on the sheriff's bonds was purely contingent or that if Dr. Wright should be called upon to pay the face value of these bonds he would have a right to look to his solvent co-sureties for contribution.

A mere statement of the facts shows, we believe, that the action of the police judge in refusing to accept Dr. Wright was erroneous. But that, of course, is not the ultimate question for our determination. Plainly, the undoubted discretion which the police judge had involved the right to make a reasonable mistake. Our real question is whether or not the mistake made was so patent as to amount to arbitrary action.

In McDonald, Justice, v. Jenkins, 93 Ky. 249, 19 S. W. 594, 14 Ky. Law Rep. 157, we had before us an application for a writ of mandamus to compel a justice of the peace to approve a traverse bond in a forcible detainer proceeding. In that case, Chief Justice Holt, speaking for the Court, pointed out that there was no showing of such an abuse of discretion as to authorize the issuance of the writ. The Court said (page 252, 19 S. W. page 595):

"The approval or disapproval of the bond requires, of course, the exercise of discretion and judgment. The act is in its nature judicial. If in such a case he may be ordered against his own judgment, to accept the bond, his discretion is taken away, and the judgment of another is substituted in its place. The law in one breath would tell him to exercise his judgment, and in another it would take it away from him. After not only giving him the right to exercise his discretion, and requiring him at-

his peril to do so, it would take it away from him, and order him to do that which, in his opinion, he ought not to do. It would subject to slavery his judicial opinion, and compel him to err in his judgment. This is contrary to reason, and the law does not require it."

The decision in McDonald, Justice, v. Jenkins, supra, is sound and we would not be understood as in any way limiting the rule announced in that opinion. It will be observed, however, that that opinion itself excludes the situation wherein the judge or magistrate so abuses his discretion as, in effect, to act arbitrarily. Compare City of Newport v. Berry, 80 Ky. 354, 4 Ky. Law Rep. 185. An examination of the propriety of the action of the judge or magistrate after all reduces itself to a matter of degree. If reasonable men may differ as to the sufficiency of the bond, then the refusal to approve it is not arbitrary and mandamus will not lie. Gaines v. Neal, 102 Okl. 20, 227 P. 135. To deny any right of examination by mandamus in cases of this character would open the doors to an arbitrary denial of the right of appeal by the simple process of refusing any surety offered on the traverse bond. We do not think that such an intention is to be ascribed to Section 463 of the Civil Code of Practice, or that the discretion there granted is entirely uncontrolled or uncontrollable.

The solvency of Dr. Wright at the time when he offered himself as surety on the bonds is not open to doubt. There was not even an attempt to show that the contingent liability on the sheriff's bond was in any way accruing or giving any evidence of becoming a fixed obligation to pay money, or, indeed, that there was even a remote chance that he would be required to pay more than a proportionate share of the bonds even if liability thereon became fixed. If contingent liabilities of this character were to be considered in determining solvency, under these conditions, no surety company or insurance company could claim a margin of assets over its obligations. Without going into detail concerning the various pieces of property which are shown by the record to be owned by Dr. Wright, it will be sufficient to state our conclusion that reasonable minds could not differ as to his solvency. There is no question concerning his personal qualifications aside from his financial status.

Judgment affirmed.