George Teagarden Livestock Commissioner Kansas Animal Health Department 708 S.W. Jackson Topeka, Kansas 66603
Dear Mr. Teagarden:
As Livestock Commissioner you ask our opinion regarding the Kansas Animal Health Department's statutory indemnification responsibilities for condemning any domestic elk which have tested positive for tuberculosis.
Your question is prompted by the following scenario: At least one domestic elk among a herd of eighty has died and tested positive for tuberculosis. The herd consists of three bucks valued at $35,000 each; the remaining elk in the herd are valued at $3,000 to $6,000 each. As Livestock Commissioner, you anticipate condemning any animal in the herd which tests positive for tuberculosis, but at this time do not intend to condemn the entire herd. You wish to know whether, as Livestock Commissioner, you are statutorily required to indemnify the owner for his financial loss in relation to each condemned animal.
K.S.A. 47-632, which appears to address the described scenario, provides:
 "Whenever the livestock commissioner shall have decided that any domestic animal is affected with tuberculosis he or she shall at once condemn said animal and quarantine the herd wherein it is found. Whereupon, the owner shall sell such diseased animal for immediate slaughter under state or federal inspection, subject to a post-mortem examination under the direction of the commissioner. Said owner shall be indemnified by the state livestock commissioner, from funds appropriated therefor, in an amount equal to one hundred dollars ($100) for each condemned grade bovine animal and two hundred ($200) for each registered bovine animal."
Clearly K.S.A. 47-632 requires the Livestock Commissioner to indemnify the owner of a bovine which is condemned if the Commissioner decides that the bovine is affected with tuberculosis. However, the statute is silent regarding indemnification in relation to other kinds of domestic animals.
The initial predecessor statute to K.S.A. 47-632 gave the owner of individually condemned domestic animals the option (1) to sell the animal for slaughter, or (2) to deliver the animal to the Livestock Commissioner for slaughter. If the owner exercised the latter option, the county was required to indemnify the owner for fifty percent of the animal's appraised value; if the post-mortem subsequently disclosed that the animal was not afflicted with tuberculosis, the county indemnified the owner for the full appraised value of the animal. L. 1911, Ch. 322, § 23. Early in this century the Kansas Supreme Court expressed the reason for this legislative enactment:
 "The policy is that an animal which, after expert examination is believed to be infected [with tuberculosis] shall be killed, the loss to be borne wholly by the public if the belief proves ill-founded, and otherwise to be shared equally with the owner." Bank v. Cloud County, 101 Kan. 37, 39
(1917).
In 1945, the Legislature amended this statute, allowing an owner who exercised either option to be indemnified by the county for one-third of the difference between the salvage proceeds and the appraised value, with a $25 cap on grade animals and a $50 cap on registered purebred animals. L. 1945, Ch. 230, § 1. In 1969, the statute was again amended, this time requiring the Livestock Commissioner to condemn any individual animal affected with tuberculosis and indemnify the owner in the amount of $25 for a grade bovine animal and $50 for each registered bovine
animal. L. 1969, Ch. 259, § 1. In 1978, the Legislature raised the indemnification amount for a condemned individual grade bovine to the current $100 and for a registered bovine to the current $200. L. 1978, Ch. 206, § 1, current K.S.A. 47-632.
Additionally in 1969, a new statute was passed which allowed the Livestock Commissioner to condemn an entire herd of domestic animals when any animal within the herd was diagnosed with tuberculosis and required the Commissioner to then indemnify the owner for the entire herd of animals. A maximum of $100 was established for grade bovine animals and $200 for registered purebred bovine animals. L. 1969, Ch. 259, § 2. In 1978 this statute was also amended, raising the indemnification amounts for condemnation of an entire herd to 50% of the difference between the salvage value and the appraised value of animals in the herd, with statutory caps of $200 for grade bovine animals and $400 for registered bovine animals. L. 1978, Ch. 206, § 2, current K.S.A. 47-433a.
From the original inception of the Protection of Domestic Animals Act in 1911, the term "domestic animal" referred to horses, mules, asses, cattle, sheep, swine and dogs. L. 1911, Ch. 312, § 26. In current years, the term "domestic animal" has been broadened to include domesticated cervidae such as deer and elk (L. 1993, Ch. 143 § 11), non-indigenous ratites such as ostriches, emus and rheas (L. 1994, Ch. 79, § 4; K.A.R. 9-29-1), as well as cats and certain exotic animals (L. 1996, Ch. 90, § 7, current K.S.A. 1997 Supp. 47-635). However, since 1969 the indemnification provision under K.S.A. 47-632 for an individual domestic animal condemned by the Livestock Commissioner as tubercular has been limited to bovines. K.S.A. 47-632 contrasts with the indemnification provision under K.S.A. 47-633a when an entire herd is condemned because tuberculosis has been diagnosed in any animal in the herd. In that event, K.S.A. 47-633a allows the herd owner indemnification based on an established formula for "animals in the condemned herd," although caps are set for bovines. In 1969, the Legislature apparently changed the policy initially enunciated in Bank v. Cloud County, supra, and decided that the owner of a condemned individual tubercular animal, other than a bovine, should bear the entire loss.
In conclusion, under K.S.A. 47-632, the Livestock Commissioner does not have a statutory responsibility to indemnify the owner of an individual domestic animal, except for a bovine, which the Commissioner condemns due to the animal being affected with tuberculosis. This statutory provision contrasts with the indemnification provision under K.S.A. 47-633a when an entire herd of domestic animals is condemned by the Livestock Commissioner because tuberculosis has been diagnosed in any animal within the herd. In that event the Livestock Commissioner is required to indemnify the herd owner based on an established formula for animals in the condemned herd, although maximum amounts are set for bovines. Thus, the Livestock Commissioner does not have a statutory responsibility to indemnify the owner of individual elk which the commissioner may condemn due to the animal being affected with tuberculosis, but does have such responsibility if an entire herd of elk are condemned. We hasten to add that this opinion has been reached based solely on the statutes cited herein and their legislative history, as per your request, and does not address any other possible legal theory of liability or indemnification.
Very truly yours
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm