## Goheen *vs.* Myers.

Case 48.

### APPEAL FROM MARSHALL CIRCUIT.

MANDAMUS.

1. The writ of *mandamus*, defined by *sec.* 526, *Civil Code,* should never be awarded to compel a judicial officer to perform, or abstain from performing, an act about which he can exercise a judicial discretion. (*Bacon's Abr.* 436; *3d Black. Com.* 110; *2d Strange,* 881; *Johnson,* 260; 5 *Wend.* 122.) And should generally be refused where the applicant has some other appropriate remedy.
2. A sued B by warrant before a justice for a demand less than $20; B relied on a set off exceeding that sum, and claimed judgment over; the justice rendered judgment against B for $8 65; B appealed; the

GOHEEN
*vs.*
MYERS.

quarterly judge granted the appeal, but afterwards dismissed it for want of jurisdiction. Held, that it was error in the circuit court to award the writ of mandamus, for the reasons that B had the right to an appeal to the circuit court, (*sec.* 20,) and the dismissal of the appeal was a judicial determination.

[The facts of the case appear in the opinion of the court. REP.]

*R. F. Stone,* for appellant—

1. The circuit court, by the provisions of the Civil Code, (*sec.* 526,) has the right, on motion, to award a peremptory mandamus to compel "an executive or ' ministerial officer to perform an act, or to omit to do ' an act, the performance or omission of which is en-'joined by law. When an officer acts both in a min-' isterial and judicial capacity, (as the Quarterly ' Judge,) he may be compelled to perform ministerial ' acts in a particular way; but when he acts in a ju-' dicial capacity, he can only be compelled to pro-' ceed." (*Bouv. Law Dic. vol.* 2, *page* 167.) Therefore those acts which a judicial officer can be compelled to perform, are those strictly ministerial only. The Code confines and limits the mandamus to cases where no other remedy would be adequate to reach the evil.

The judge in this case was acting in a judicial capacity. In the cases of *U. S. vs. Lawrence,* 3 *Dall.* 42; *Ex' parte Roberts,* 6 *Pet.* 216, the supreme court decided that, "when a judge acts in his judicial capac-' ity, as in deciding the propriety of issuing a war-' rant, the supreme court will not grant a mandamus ' to compel him to decide according to the dictates of ' any judgment but his own." In the case at bar Goheen states that he adjudicated according to his own conceptions of the law.

2. The circuit court had appellate jurisdiction of the judgment of the quarterly court in this instance, growing out of Myers' set-off; which, being a right of redress for any error committed in the quarterly court, renders the award of the mandamus, improper.

(*Black's Com. vol.* 2, *page* 110; *Ib.* 266; *Bacon's Abr. vol.* 6, *pages* 431, 418 ) This court has ruled similarly in *Howard vs. Ky. and Lou. Mu. Ins. Co.*, 13 *B. Mon.* 285. where they say, "the general rule of interpre- ' tation is, that the specification of one mode of ' proceeding is virtually the exclusion of others."

3. It is also contended that the county judge, in the opinion he gave in dismissing the appeal, was cor- rect.

4. This court has jurisdiction of this case. (*Civil Code, sec.* 527, and decisions of this court, *pas- sim.*)

*P. Palmer* for appellee—

1. This court has no jurisdiction of this case. (*Civil Code, secs.* 15 *and* 16.)

2. An appeal lay from the justices' court to the quarterly court, and the quarterly judge ought not to have dismissed Myers' appeal. (*Civil Code, sec.* 26.) Myer's set-off gave the quarterly court jurisdic- tion.

3. If the quarterly judge had no jurisdiction of the appeal from the justices' court, then he had no power to give judgment for costs. His adjudication in this was *coram non judice*, and void. (*Chitty's Pl. vol.* 1, *page* 182.) Where a court of *limited* jurisdiction has no jurisdiction of either of the parties or the subject matter, the simple dismission is all the court can do; no order for costs can be given. (1 *Bibb*, 71; *Litt. Sel. Ca.* 307; 3 *Litt.* 334; 7 *Mon.* 222; 1 *J. J. Mar.* 94; 7 *Dana*, 168.)

4. The defendant had a *right* given him by *law* to have his case tried by the quarterly court, and it is no answer to an assertion of that right to say that he had the right to an appeal to the circuit court, and therefore the mandamus should not have been award- ed. He had a right to trial in one court, we think, and if so, the mandamus was the only means of com- pelling the judge of that court to do his duty.

GOHEEN
*vs.*
MYERS.

GOHEEN
*vs.*
MYERS.

A quarterly judge is in many regards a ministerial officer, and we think in respect to his duty in this instance. If he refuse to hold his court, mandamus would lie to compel him. If he refuse to take an appeal bond, it would lie; so, if he refuse to try a case of which he had jurisdiction. (*Bacon's Abr. Bouvier's Ed.* 437; 3 *B. Mon.* 198; 2 *Bibb,* 574.)

Oct. 13, 1857.

Judge STITES, delivered the opinion of the court.

Morgan sued Myers by warrant before a justice of Marshall county, for a demand less than $20. Myers relied on a set-off exceeding that sum, and asked judgment over. The justice awarded a judgment against the latter for $8 65, and from that judgment he appealed to the quarterly court. The judge of that court, having first granted the appeal, afterwards, on motion of the appellee, dismissed it for 'want of jurisdiction, and subjected the appellant to costs.

The appellant then, by proceedings in the circuit court, prayed for and obtained a peremptory mandamus against the judge of the quarterly court compelling him to reinstate the case upon his docket, and to hear and determine the same, and from that order Goheen, the judge of the quarterly court, has appealed.

We are of opinion that the mandamus should have been denied, and that the circuit court erred in allowing it.

1. The writ of *mandamus* defined by *sec.*526, *Civ. Code,*should never be awarded to compel a judicial officer to perform, or abstain from performing, an act about which he can exercise a judicial discretion. (*Bacon's Abr.* 436; 3*d Black. Com.* 110; 2*d Strange,*881;

The writ of mandamus, as defined by the Civil Code, (*sec.* 526,) "is an order of a court of competent and original jurisdiction, commanding an executive or ministerial officer to perform an act, or omit to do an act, the performance or omission of which is enjoined by law, and is granted on the motion of the party aggrieved, &c." And this is substantially the common law definition.

The doctrine, with regard to the description of cases in which this writ is not allowable, is, that it should generally be refused where the applicant has some other appropriate remedy; and always denied

when asked for to compel a judicial officer to do, or abstain from doing an act, about which he can exercise a judicial discretion. (*Bacon Abr. Mandamus*, 436; 3 *Black Com.* 110; 2 *Strange*, 881; 19 *Johnson*, 260; 5 *Wendell*, 122.)

Upon either ground the writ in this case should have been refused.

The applicant had an appropriate remedy by appeal to the circuit court from the dismissal of his appeal by the quarterly court. The matter in controversy, arising on his set-off, was twenty dollars and more, and, in such cases, an appeal is expressly allowed by the Civil Code. (*Sec.* 20.)

The dismissal of the appeal for want of jurisdiction was the judicial determination of a question incident to every judicial proceeding, It was properly raised by motion, and its decision, though preliminary to any adjudication on the merits, was indispensable, and altogether within the judicial power and discretion of the court. The judge in passing upon the question of jurisdiction was obviously acting in a judicial and not ministerial character, and, in such case, as already stated, a mandamus will not lie against him for the correction of his judgment, however erroneous it may be.

The judgment is *reversed*, and cause remanded with directions to dismiss the petition.

---

GILBERT
*vs.*
JUSTICES OF
MARSHALL CO'Y

*Johnson,* 260; 5 *Wend.* 122.) And should generally be refused where the applicant has some other appropriate remedy.

2. A sued B by warrant before a justice for a demand less than $20; B relied on a set off exceeding that sum, and claimed judgment over; the justice rendered judgment against B for $8 65; B appealed; the quarterly judge granted the appeal, but afterwards dismissed it for want of jurisdiction.— Held, that it was error in the circuit court to award the writ of mandamus, for the reasons that B had the right to an appeal to the circuit court, (*sec.* 20,) and the dismissal of the appeal was a judicial determination.