CASE 26—MANDAMUS—FEBRUARY 10.

# Shine, Presiding Judge, v. Kentucky Central Railroad Company.

APPEAL FROM KENTON CIRCUIT COURT.

1. MANDAMUS WILL LIE TO SET A COURT IN MOTION, but can not be used to control the result. It may compel the trial of an issue, but not how it shall be tried.
2. MANDAMUS WILL NOT LIE where the party has any other adequate remedy, such as the right of appeal.
3. CASE ADJUDGED.—The judge of the county court having dismissed a proceeding by appellee for the condemnation of land for railway purposes, upon the ground that appellee had no right to sue, appellee seeks to compel him, by mandamus, to impanel a jury to try the issues of fact raised by exceptions to the commissioner's report as to damages, &c. *Held*—That mandamus will not lie, as the county judge was not required to defer the exercise of his judgment as to the right of the appellee to maintain the proceeding until a jury had passed upon the issues of fact. Moreover, appellee had the right of appeal to the circuit court, although the issues of fact had not been passed upon by a jury.

COLLINS & FENLEY FOR APPELLANT.

1. The motion to verify the petition should have been sustained. (Civil Code, sec. 116.)
2. A. Graves should have been made a defendant. Where the suit is *pending*, and it is proposed by the mandamus to compel the judge to move in the case and try it, it is not necessary to make the opposing party a defendant. It is otherwise, however, where the suit *has been dismissed*.
3. Although the petition sets out a cause of action, yet as the exhibit filed as the foundation of the action contradicts the petition, the exhibit must prevail; and the exception may, in such a case, be taken by demurrer. (Henderson v. Pickett, 4 Mon., 59; Taylor v. Bate, *Ibid.*, 268; Withus v. Roberts, 4 Dana, 172.)
4. There is no other law in Kentucky touching the writ of mandamus except the Code. The common law must yield to the statute. (Broaddus v. Broaddus, 10 Bush, 299.)
5. The application of the writ, under the statute, is limited to ministerial and executive officers. (Civil Code, section 477; Maddox v. Graham

vol. 85—12.

Shine, Presiding Judge, v. Kentucky Central Railroad Company.

& Knox, 2 Met., 70; Commonwealth v. Boone County Court, 6 Ky. Law Rep.; Cook v. College of Physicians, 9 Bush, 543.)

6. If the writ may be awarded against a county court when in court assembled, the limit is to direct the court to move and try the case, hear and determine all motions made, and to render such judgment upon these motions as it, in its discretion and conscience, may determine is right and proper under all the circumstances. (High on Extraordinary Remedies, section 24, p. 26; *Ibid.*, sections 42, 46, 156, 160, 163 and 176; County Court of Warren v. Daniel, 2 Bibb, 574; Goheen v. Myers, 18 B. M., 426; Reg v. Blanchard, 13 Q. B., 381.)

7. The judgment of the county court dismissing the proceeding was rendered " upon the judgment, conscience and discretion of the court," and is not within the control of a superior court upon a motion for mandamus to compel the court to proceed. (High on Extraordinary Remedies, sections 160, 163, 164, 173 and 176; 18 Wendell, 79; 6 Peters, 216; 6 Cow., 392; *Ibid.*, 362; Judges of the Oneida Common Pleas v. The People, 18 Wendell, 79; The City of Louisville v. McKean, &c., 18 B. M., 17; Clark v. McKenzie, &c., 7 Bush, 528.)

8. It was not the duty of the county court to summon a jury if there was no right to maintain the action.

9. Mandamus will not lie unless there is no other remedy. Therefore, where the right of appeal exists, as it does in this case, mandamus will not be granted. (High on Extraordinary Remedies, sections 178, 179 and 180; Goheen v. Myers, 18 B. M., 427.)

10. The appellee had no right to a jury in the county court because it did not show the necessity for condemning the land, and because it had no right to maintain the action, its property and franchises having been placed in the hands of a receiver.

When a railroad company is put in the hands of a receiver of the court, all right to proceed under its charter is thereby suspended. The receiver takes the franchise of the company. (City of Rochester v. Bronson, 41 Howard, Pr. (N. Y.), 78; High on Receivers, sections 15, 315, 316 and 344; Curtiss v. Levitt, 15 N. Y., 44; Field on Corporations. section 419.)

The right to extend the road is a franchise of the company. (Bouvier's Law Dictionary; Blackstone's Commentaries, 37; Bank of Augusta v. Earle, 13 Peters.)

HALLAM & MYERS FOR APPELLEE IN PETITION FOR REHEARING.

(Brief not in record.)

1. While the decision of an inferior court upon the merits of a controversy will not be controlled by mandamus, yet if it has erroneously decided some question of law or of practice presented as a preliminary objection, and upon such erroneous construction has refused to go into the merits of the case, mandamus will lie to compel it to proceed. (High

on Extraordinary Legal Remedies, section 151; State, &c., v. Judge Dist. Court, The Reporter, vol. 16, p. 14; State, &c., v. Laughlin, The Reporter, vol. 14, 277; Moses on Mandamus, p. 41; Milner, *Ex Parte*, 6 Eng. Law and Equity Rep., 371; *Ex Parte* Law, 20 Ala., 330; Wood on Mandamus, pp. 71 and 79.)

2. The appellee was not entitled to an appeal to the circuit court. The statute contemplates a jury trial first in the county court. (Smith v. McMeekin, 79 Ky., 28.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, the Kentucky Central Railroad Company, filed its petition in the Kenton county court against one Alonzo Graves, under the law providing for the condemnation of land for railway purposes. (Acts of 1881, vol. 1, p. 83.) It provides that this may be done when the property is necessary for such use, and can not be obtained by contract with the owner; also that commissioners shall be appointed to award to the owner the value of the land and damages, if any; and upon the filing of the report he is to be summoned to show cause, if he have any, against its confirmation; and if exceptions to it are filed, "the court shall forthwith cause a jury to be impaneled to try the issues of fact" made thereby.

In this instancethe petition avers that the condemnation of the property is necessary for the extension of the railroad from its then terminus in the city of Covington to the Ohio river; and that it had endeavored to contract with Graves for it, but had been unable to do so. The answer puts all this in issue, save that no agreement of purchase had been made, and states affirmatively that the land could be obtained by contract at a fair price; also that the appellee had no right to maintain the

proceeding, as its road had, by a decree of the Federal Court, been placed in the hands of a receiver.

The necessary commissioner's report was filed, fixing the value of the property and the resulting damages; and exceptions having been filed to it, the appellee moved the court to impanel a jury to try the issues thus formed, while Graves, who had filed an exhibit showing the appointment of the receiver, moved the court to dismiss the proceeding, upon the ground that the appellee had no right to sue. The first motion was overruled, and the last one sustained, the judgment allowing Graves his costs.

This proceeding was then filed in the Kenton circuit court by the appellee against the appellant, the judge of the Kenton county court, to compel him, by mandamus, to impanel a jury and try the case which he had dismissed.

It is urged upon behalf of the appellee, that the dismissal was, in effect, a refusal to proceed further with the case ; and that, as is true, there need not be a direct refusal to do so, to authorize the writ; but that it is sufficient if such circumstances appear as satisfy the court that such was the intention. Various reasons were presented by the answer why the mandamus should not issue. We shall notice but two of them.

Section 477 of the Civil Code provides: "The writ of mandamus, as treated of in this chapter, is an order of a court of competent and original jurisdiction, commanding an executive or ministerial officer to perform an act or omit to do an act, the performance or omission of which is enjoined by law."

This provision relates only to the acts or omissions of ministerial officers, vested with no discretion, and does not restrict the issual of the writ to them. True, courts will not interfere with the exercise of discretionary power; but where an officer or inferior judicial tribunal, vested with it, refuses to exercise it at all, or act in any manner, they will, by mandamus, set him or it in motion, without, however, controlling the direction. The judgment in such a case must be left free to act, and reach such a result as it deems proper.

Thus mandamus will lie to compel a judge to act upon a bill of exceptions; or to receive a verdict; or to try a cause, or to hold a court. If this were not so, a denial of justice would result. (Clark v. McKenzie, &c., 7 Bush, 523; Commonwealth, etc., v. Boone County Court, 82 Ky., 632.) In this instance however, the writ should have been refused for two reasons at least.

Unquestionably the action of the county court was judicial. It did not refuse to act. It did act, as shown by the copy of its orders filed with the petition, and dismissed the proceeding upon the ground that the appellee could not maintain it, owing to the appointment of the receiver.

It is unnecessary to decide whether this ruling was or was not correct. The right of the appellee to maintain the proceeding, was a question presented to the county court by the record for its decision. It exercised its judgment, and dismissed it because it was of the opinion that the appellee had no such power. It reached this conclusion in the exercise of

its discretion; and while mandamus will lie to set a court in motion, it can not be used to control the result. It may compel the trial of an issue, but not how it shall be tried. (High on Extraordinary Remedies, section 24.)

If so, new trials could, in effect, be thus obtained; and this writt can not be used for such a purpose. The inferior court must be left free to exercise its own judgment; and the opinion of another tribunal can not be substituted for it. (Goheen v. Myers, 18 B. M., 426; ClarK v. McKenzie, &c., 7 Bush, 528.)

The county court was not required to defer the exercise of its judgment as to the right of the appellee to maintain the proceeding until a jury had passed upon the issues raised by the exceptions. Indeed, it was proper that it should not do so. If this were required, it would often result in useless trouble and expense to the parties. Take the case of the condemnation of land for a road. The viewers file their report, and we will suppose that it is excepted to because they were not sworn, or were not qualified, or because the report does not describe the route; certainly a writ of *ad quod damnum* should not issue until all such preliminary questions are settled.

Again, a party has a right to demand a jury in certain cases; and as well might it be held that they must pass upon the issues of fact presented, although there may be many reasons, such as incapacity to sue, etc., why the court must dismiss the action.

It results that the demurrer to the petition should have been sustained, for the reason above indicated.

There is another one, however, why mandamus will not lie in this instance. The appellee had a right to appeal.

The sixth section of the act of April 11, 1882 (cited *supra*), provides: "Either party may appeal to the circuit court, or other court of similar jurisdiction of the county, within thirty days, and the appeal shall be tried *de novo*."

This right existed whether a jury determined the issues of fact, or whether the court dismissed the proceeding upon a legal issue. An appeal is from the judgment of the court, and not a verdict of a jury. If an inferior court dismisses a warrant or an action without a trial upon the merits, or the intervention of a jury in a case where one is allowable, yet the party may appeal and have the action tried *de novo*. Here the commissioners had filed their report as to the value of the land and the damages, and the record was complete for such a purpose. Mr. High, in his work above cited, section 177, says: "In all cases where full and ample relief may be had, either by appeal, writ of error, or otherwise, from the judgment, decree or order of the subordinate court, mandamus will not lie, since the courts will not permit the functions of an appeal or writ of error to be usurped by the writ of mandamus. Indeed, the interference in such cases would, if tolerated, speedily absorb the entire time of appellate tribunals, in revising and superintending the proceedings of inferior courts, and the embarrassment

and delay of litigation would soon become insupportable, were the jurisdiction by mandamus sustained in cases properly falling within the 'appellate powers of the higher courts. It may, therefore, be laid down as the universal rule prevailing in both England and America, that the existence of another remedy adequate to correct the action of the inferior court will prevent relief by mandamus." See also the case of Goheen v. Meyers, *supra*.

It is too well settled to need the citation of further authority, that mandamus will not lie where the party has any other adequate remedy, such as the right of appeal, to correct the supposed grievance.

The judgment is reversed, with directions to sustain the demurrer to the petition and dismiss the action, with a judgment for the appellant's cost.