**Stratton & Terstegge Company v. Meriwether.**
**Meriwether v. James Quarles, as Judge of the Jefferson Circuit Court, Chancery Branch,**
**First Division.**
**Meriwether v. Stratton& Terstegge Company.**

(Decided March 16, 1912.)

Appeals from the Jefferson Circuit Court
(Chancery Branch, First Division).

1.   Appeals—When to be Tried.—Under section 753 of the Civil Code of Practice, an appeal stands for trial during the first term, twenty days before which the transcript is filed in the clerk's office; it cannot be docketed, advanced or submitted before that time except by the consent of the parties.

2.   Injunction—Cannot Be Superseded.—The Code provisions concerning supersedeas on appeals do not apply to a judgment granting an injunction; and a bond taken and a supersedeas issued thereon by the clerk of the Circuit Court, are ineffectual for any purpose.

3.   Injunction—Suspending Operation of.—Under section 747 of the Civil Code of Practice, a judgment granting an injunction can only be suspended by an order entered at the time the appeal therefrom is taken, and for no longer than twenty days, during which time either party may apply to the Court of Appeals, or, if it be in vacation, to any judge thereof, to revise the suspending order of the Circuit Court, and finally determine how far the injunction shall be suspended, modified or continued pending the appeal.

4.   Injunction—Suspension of.—The circuit judge can suspend a judgment granting an injunction only at the time the appeal is taken. and for twenty days thereafter; an order of suspension entered after the twenty days has elapsed, is void.

5.   Prohibition—Mandamus.—Where the order of a circuit judge failed to suspend the execution of an injunction at the time the appeal was taken, he was without jurisdiction thereafter to suspend the judgment of injunction; and the case then being in the Court of Appeals by virtue of the appeal, a mandamus will not be granted against the circuit judge to enforce the judgment.

6.   Contempt of Court.—Where a case has been appealed to the Court of Appeals, disobedience of an injunction issued by a circuit court may be punished by the Court of Appeals, or by any judge thereof during a vacation, recess or adjournment of said court.

7.   Same.—In contempt proceedings there are only two questions for decision: (1) Did the court have jurisdiction to make the order; and, (2) Has it been violated?

8.   Appeal—When Taken.—An appeal is taken to the Court of Appeals when the circuit judge enters an order granting the appeal, and not when the record is filed in the Court of Appeals.

GIBSON, MARSHALL & CRAWFORD for Stratton & Terstegge Co.

GIBSON, MARSHALL & CRAWFORD for Judge Quarles.

ELMER C. UNDERWOOD for Lewis Meriwether.

OPINION OF THE COURT BY JUDGE MILLER—Overruling the appellant's motion to docket, advance and submit

the appeal; overruling petitioner's motion for a writ of mandamus against the Circuit Judge; and adjudging response of Stratton & Terstegge Co. insufficient.

Lewis Meriwether is the owner of a lot fronting upon Rowan street between 15th. and 16th. streets, in Louisville, and extending back to an alley, which is known as Crop street. The Stratton & Terstegge Company (hereinafter called the Company for brevity) owns the property upon either side of Crop street, and extending from Meriwether's lot eastwardly to 15th. street.

On June 26, 1911, Meriwether instituted an equity action in the Jefferson Circuit Court against the Company for an injunction, requiring it to remove from Crop street three large platforms about 50 feet long, 14 feet wide, and 4 feet high, which it had placed along Crop street and next to its buildings; and also to remove a swinging draw bridge, which connected the upper stories of the Company's factory. The action proceeded to a final judgment on November 25, 1911, which granted the relief prayed, by ordering and directing the defendant company to remove from Crop street the three freight platforms and the draw bridge above mentioned.

On December 14, 1911, the company prayed and was granted an appeal to the Court of Appeals from the judgment of November 25, 1911; and, by a bond executed on December 16, 1911, it undertook to supersede the judgment. No further steps were taken until February 15, 1912, when Meriwether entered a motion in the circuit court to punish the company and its officers for contempt of court in failing to comply with the judgment of November 25, 1911; but the circuit judge not only overruled said motion, but he entered an order giving the company sixty days from that day in which to comply with the original judgment of November 25, 1911.

Again, on February 24, 1912, Meriwether moved the lower court to require the defendant to forthwith remove the three freight platforms and swinging draw bridge referred to in the judgment, but the chancellor again overruled the motion.

Having failed in the enforcement of his judgment in the lower court, Meriwether filed his petition in this court on March 5, 1912, against James Quarles, the judge of the lower court, in which the foregoing facts are alleged, and moved this court for a writ of mandamus requiring said judge to forthwith compel the company

to comply with the judgment of November 25, 1911. At the same time, Meriwether moved for a rule against the company, requiring it to show cause, if any it has or can, why it and its officers should not be punished for contempt, by this court, for failure to comply with the judgment of November 25, 1911. In the meantime, the company having perfected its appeal by filing the record in this court on March 2, 1912, it moved to docket and advance and submit the case, to which motions Meriwether objects. Judge Quarles demurs to the petition for a writ of mandamus, and files an answer satisfactorily showing his entire good faith in entering the extension order of February 15. The company likewise files its response satisfactorily showing that it has acted in good faith, in believing that it had effectually superseded the judgment by the bond which it had given in the circuit court.

This action is now submitted; (1) upon the company's motion to docket, advance and submit its appeal; (2) upon Meriwether's petition for a writ of mandamus against the chancellor; and, (3) upon the sufficiency of the response of the company to the contempt rule.

1. Section 753 of the Civil Code of Practice provides that appeals shall stand for trial during the first term twenty days before which the transcript is filed in the clerk's office; and, as the record in this case was filed on March 2, the appeal will stand for trial at the April term of this court.

This statutory provision can be waived only by the consent of the parties; and, if either party objects, as is done in this case, the appeal cannot be tried before the term next after the record is filed. This practice and construction of the Code provisions are well established by the decisions of this court in Meacham v. Democratic State Executive Committee, 24 Ky. L. R., 1340; 71 S. W., 447; Hamilton v. Kentucky Title Co., 25 Ky. L. R., 1575; 79 S. W., 1182; Ingram v. Kentucky Title Co., 127 Ky., 638, and other cases. The motion of appellant to docket, advance and submit its appeal is overruled.

2. Section 747 of the Civil Code of Practice, expressly provides that the provisions concerning supersedeas on appeals shall not apply to a judgment granting an injunction. It, in part, provides as follows:

"The provisions of the Civil Code concerning supersedeas on appeals shall not apply to judgments grant-

ing, modifying, perpetuating or dissolving injunctions. When an appeal shall be taken from any judgment granting, modifying, perpetuating or dissolving any injunction, the court which rendered the judgment may, in its discretion, if the ends of justice so require, at the time the appeal is taken, make an order suspending, modifying or continuing the injunction during the pendency of the appeal, upon such terms as to bond or otherwise as may be proper for the security of the rights of the opposite party.  Either party, within twenty days after the entry of such order, may take a transcript of the record, or all parts thereof appertaining to the injunction, and upon reasonable notice in writing to the opposite party, move the Court of Appeals, or, if in vacation, any judge thereof, to revise the order of the lower court, and finally determine how far the injunction shall be suspended, modified or continued pending the appeal.  Pending such application to the Court of Appeals or judge thereof, but not longer than for twenty days, the status existing immediately before the entry of the judgment appealed from shall be maintained, and the lower court shall so provide in the judgment upon the request of either party.''

The attempt to supersede the judgment of November 25, 1911, by the bond and supersedeas of December 16, 1911, was therefore, ineffectual for any purpose.

Furthermore, the judgment of November 25, 1911, contained no provision suspending its operation; and as no step was taken in this court to revise it, the execution of the judgment was not stopped.

In Jackson v. Hardin, 122 Ky., 774, appellant moved this court, after the expiration of the twenty days, to continue in force the suspending order of the circuit judge; but, in overruling that motion, we said:

''It will be observed that the statute limits the application to this court to revise the action of the circuit court as to continuing the injunction in force pending the appeal to 'twenty days after the entry of such order.'  The motion here was not made within twenty days after the entry of the order, and so comes too late.  The motion is made under the statute.  No other question is presented.  The motion therefore is overruled.''

And, in Barrone v. Moseley Bros., 143 Ky., 812, it was expressly held that an injunction granted by the final judgment in an action could be suspended only in the

way pointed out by Section 747 of the Civil Code above quoted, and that a supersedeas obtained in the lower court affects the injunction in no way.

The remedy by which the effect of this injunction may be suspended being wholly statutory, the statute must be followed. The order suspending the injunction must be entered at the time the appeal is taken, and it cannot continue in force longer than twenty days, unless it be so continued by this court or by a judge thereof, if it be in vacation. As the appeal in this case was taken by the order of December 14, 1911, it is apparent that the order of February 15, 1912, wherein the chancellor undertook to suspend the execution of the judgment for sixty days from and after that date, was void for want of jurisdiction.

Furthermore, after the appeal was granted on December 14, 1911, from the final judgment of November 25, 1911, further proceedings, in that respect, could be taken only in this court; and, as the chancellor was without jurisdiction to enter the order of February 15, 1912, that order did not stop Meriwether from enforcing his judgment. As the chancellor therefore is without jurisdiction to now proceed with the enforcement of that order, the motion for a writ of mandamus against him will be overruled.

3. Section 286 of the Civil Code of Practice, relates to the punishment of a party for the disobedience of an injunction, and reads as follows:

"Disobedience of an injunction may be punished by the court, or by the judge thereof, or any circuit judge in vacation, as a contempt. Where the case has been appealed such disobedience may be punished by the Court of Appeals, or by any judge thereof during a vacation, recess or adjournment of said court. Upon production of evidence by affidavit of the breach of an injunction, the court, or any judge thereof during vacation, may proceed by rule and attachment against the party committing the breach, who may introduce like evidence in his behalf. Should the party be held to be in contempt, unless he purge the contempt, the judge in vacation may commit him to jail until the sitting of the court, or take a bond with security for his appearance to answer for the contempt at the next term of the court, and, in the meantime, to obey the injunction."

Meriwether has filed affidavits in this court showing

that the company has wholly failed to obey the judgment of November 25, 1911; and, indeed, there is no serious claim that it has obeyed said judgment. It further appears that said platforms and swinging draw bridge can be removed at a cost not exceeding $25.00.

Without elaborating this phase of the case, we deem it sufficient to say that it is covered completely by the opinion in Kentucky Heating Co., v. Louisville Gas Co., 22 Ky. L. R., 1140, where we said:

"The case has not yet been docketed in this court and the merits of the controversy are not, therefore, before us. The only thing before us is the judgment of the court below which is not superseded, and while in force must be obeyed. It is the duty of this court to enforce obedience to it. In this we have no election. It is not only the duty of appellant to obey the judgment, but it is also the duty of all good citizens to co-operate with it in securing this obedience, and all those who obstruct it in any way in obeying the judgment are in contempt of this court no less than appellant. Our whole social fabric rests upon the dignity and authority of the law, and its mandates must be respected and obeyed by all."

And, in Barrone v. Moseley Bro's., 144 Ky., 298, wherein appellants were ruled for contempt in failing to obey the injunction of the circuit court, after quoting with approval the above extract from the opinion in Kentucky Heating Co. vs. Louisville Gas Co., supra, we said:

"The question for decision is, not whether the judge of the Warren Circuit Court erred in granting the injunction, but whether his order has been violated. If that court had jurisdiction to make the order, the defendants there, who are appellants here, subjected themselves to proceedings for contempt for violating the order of injunction, whether the court erroneously made the order, or not. In contempt proceedings there are only two questions for decision: (1) Did the court have jurisdiction to make the order of injunction; and (2), has it been violated?"

See also Smith v. Western Union Tel. Co., 83 Ky., 271; K. & I. Bridge Co. v. Krieger, 91 Ky., 625; and Kentucky Heating Co. v. Louisville Gas Co., 109 Ky., 428.

No question is made that the Jefferson Circuit Court

was without jurisdiction, and the proof shows, beyond question, that the injunction has not been obeyed.

The response of the Stratton & Terstegge Company is adjudged insufficient, and they are held to be in contempt of court; but since it abundantly appears that the company, in good faith, relied upon the supposed but mistaken effect of the supersedeas bond, and has not intentionally violated the injunction, it will not be subjected to a fine, beyond the payment of the costs of this proceeding. It is, however, required to forthwith execute the judgment of the lower court by removing the obstructions as therein directed; and it is further ordered that their appeal to this court from said judgment of November 25, 1911, shall stand dismissed on the second day of the next April term of this court, unless, on or before that day it shall be made to appear to this court that it has faithfully and fairly obeyed said judgment of the Jefferson Circuit Court above referred to; and, at that time, such further orders will be made in the matter of the pending motions as the ends of justice may require. Kentucky Heating Co. v. Louisville Gas Co., 22 Ky. Law Rep., 1140; Barrone v. Moseley Bros., 144 Ky., 299.