## Union Trust Co. et al. v. Garnett, Judge.

(Decided May 29, 1934.)

574

ROBT. HUBBARD and REX A. LOGAN for petitioners.
DAVID R. CASTLEMAN for respondent.

OPINION OF THE COURT BY JUDGE RICHARDSON—Dismissing petition.

This is an original action brought under section 110 of the Constitution by the petitioners; Rex A. Logan, Robert Hubbard, and others, for a writ of mandamus against the Hon. James Garnett, judge of the Jefferson circuit court, chancery branch, second division.

The Union Trust Company, a corporation, in the Jefferson circuit court, common pleas branch, second division, recovered of George C. Bradford a judgment of $7,250 with interest from September 1, 1925, until paid, subject to a credit of $1,300 as of March 18, 1926, and a credit of $463.51 as of September 1, 1926, and costs. An execution was issued on the judgment, directed to the sheriff of Jefferson county, which was returned "no property found."

Logan and Hubbard, by an appropriate assignment, acquired title to, and all rights under, the judgment. An amended petition was filed in which Logan and Hubbard were made plaintiffs and Mable C. Bradford, Mrs. D. C. Porter, and A. H. Barker, defendants, wherein the issuance and return of the execution were set up, accompanied by the necessary allegations to constitute a cause of action on a return of nulla bona. Thereafter Logan and Hubbard obtained leave of the circuit court to retake the deposition of George C. Bradford and

George W. Berger; and also to take the deposition of Mable C. Bradford, Mrs. D. C. Porter, and Henry Biehn (who was served with a garnishment), and Charles E. Ashcraft, on either May 19th, 21st, or 22d. An order of court was entered directing the issuanse of a subpœna duces tecum, requiring George C. Bradford, Mable C. Bradford, Mrs. D. C. Porter, Henry Biehn, George W. Berger, and Charles E. Ashcraft to appear at 11 o'clock a. m., on May 22, 1934, at the place designated in the order for the purpose of giving their depositions, and to bring with them certain records, writings, and other things under their control, which were inadequately and too indefinitely designated in the order to be intelligently identified.

On the 22d day of May, 1934, at Falmouth, Ky., Frank Turner and Henry Biehn appeared as witnesses, and their depositions were taken before the official stenographer of the Jefferson circuit court, chancery branch, second division, which were properly certified by her.

On May 23, 1934, Logan and Hubbard, by counsel, filed in open court before Hon. James Garnett, presiding judge of the Jefferson circuit court, chancery branch, second division, an "alias motion for subpœna duces tecum, requiring George C. Bradford, Cashier of the First National Bank of Falmouth, Kentucky, to produce the ledger sheets of the depositors account sheets of the First National Bank of Falmouth, from its organization in 1921, to the present time, showing the records of the deposits in the accounts of George C. Bradford, Mable C. Bradford, Henry Biehn, A. H. Barker, Frank Turner and Mrs. D. C. Porter and the stock book of said Bank containing the records of transfer of stock from its organization in 1921 to the present time, in so far as they affect George C. Bradford, Mable C. Bradford, A. H. Barker, and Mrs. D. C. Porter, and certain notes and other records mentioned in said motion," and an alias motion for subpœna duces tecum for Mable C. Bradford, requiring her to produce certain papers mentioned therein; another for Mrs. D. C. Porter, requiring her to produce certain records mentioned therein; also a motion for subpœna duces tecum requiring Charles E. Ashcraft, assessor for Pendleton county, to produce certain records mentioned therein; also a motion for subpœna duces tecum for Henry Biehn, requiring him to bring certain records mentioned therein.

On a consideration of the "alias motions," Judge Garnett declined to order the issuance of the subpœnas duces tecum as requested. In the order entered, over-ruling the motions, it is stated:

"If counsel for plaintiff will prepare a motion setting forth the records which he believes are competent evidence to be heard on the trial of this action, the Court will, if he is convinced such records are material to the maintenance of plaintiff's rights, require the witnesses to produce the records and documents relating to transactions with the defendant, George C. Bradford, in so far as said records and documents will throw any material light upon the question of whether he is the owner or has any interest in the property referred to in the records and documents so mentioned."

It is upon this showing the petitioners seek in this court a writ of mandamus requiring Judge Garnett to order the issuance of the alias subpœnas duces tecum.

Section 220, Civil Code of Practice, provides:

"The court may require the defendant, or the claimant of any attached property, to appear before it, and give information, on oath, concerning the property; and if it appear from the plaintiff's affidavit, or the return of an order of attachment, that no property, or not enough to satisfy the plaintiff's claim, is known to the plaintiff or the officer, on which the attachment can be executed, the court may order the defendant to attend before it and give information, on oath, respecting his property; and if it also appear from the affidavit, that a person, other than the defendant, has in his possession property of the defendant, or evidences of debt, the court may require such person to appear before it, and give information, on oath, respecting the same; and the court may enforce those orders by process as in cases of contempt."

In an action on a return of nulla bona, section 440 of the Civil Code of Practice requires the answer of each defendant verified by his oath, and not by that of an agent or attorney, and authorizes the court, if necessary, to enforce full and explicit discoveries in such answers by process of contempt.

Section 225 of the Civil Code of Practice author-

izes the court, on the application of the suing plaintiff, to require a garnishee, or any officer of a corporation, summoned as a garnishee, to appear in person and submit to an examination under oath. And if the garnishee, or officer, fails to appear and answer, under the authority of section 226, the court may, on the motion of the plaintiff, compel him to appear in person for examination by process as in cases of contempt, or hear proof of debt owing to, or property held by the garnishee for, the defendant and make orders in relation thereto.

If the garnishee answers, but fails to make a disclosure satisfactory to the plaintiff, the latter may bring an action against him by petition, or amended petition, in the same manner, and the proceeding thereon shall be the same as in other actions. Section 227, Civil Code of Practice.

A mere reading of these Code provisions is sufficient to convince an average person that in enforcing them, the presiding judge is vested with the power to exercise a sound discretion. But the petitioners did not proceed under these provisions. Instead, they requested the court to direct the issuance of subpœnas duces tecum before the parties or witnesses testified. The rule of procedure in the last instance is well stated in Marion National Bank v. Abell, 88 Ky. 428, 11 S. W. 300, 10 Ky. Law Rep. 980.

Section 528 defines the process known as "subpœna," and confers upon the court the power to direct the issuance of a subpœna duces tecum, requiring "the witness to bring with him any book, writing or other thing, under his control, which he is bound by law to produce in evidence."

Not to discern that the language of section 528 vests in the court, or the judge, the right to exercise a sound discretion, when determining the propriety of ordering a subpœna duces tecum, is to be forgetful of its language. Marion National Bank v. Abell, supra; Equitable Life Assur. Soc. v. Hardin, 166 Ky. 51, 178 S. W. 1155.

Section 110 of the Constitution confers upon this court the power, in its discretion, to exercise a supervisory control by an original writ over an inferior court where the latter lacks jurisdiction or where there is not

an adequate remedy by an appeal. Renshaw v. Cook, 129 Ky. 347, 111 S. W. 377, 33 Ky. Law Rep. 860, 895; Rush v. Denhardt, 138 Ky. 238, 127 S. W. 785, Ann. Cas. 1912A, 1199. Following this construction of section 110, this court has many times directed a writ of mandamus to issue to compel the circuit court to take such action as the law makes mandatory he should take. Davidson v. Lewis, Judge, 159 Ky. 798, 169 S. W. 538. But this court will not attempt to control the discretion of the circuit court by the issuance of this writ. Stratton & Terstegge Co. v. Meriwether, 147 Ky. 577, 144 S. W. 1083; Meriwether v. Quarles, Judge, 147 Ky. 577, 144 S. W. 1083; Shipp v. Stoll, 200 Ky. 646, 255 S. W. 75.

It is a familiar rule that a mandamus will lie to set a court in motion, but it cannot be used to control the result. It may compel the trial of an issue, or the hearing of a motion, but not how it shall be tried, or what order shall be entered in any case in which a discretion may be exercised by a court or the judge. Shine v. Ky. Cent. R. Co., 85 Ky. 177, 3 S. W. 18, 8 Ky. Law Rep. 748; Speckert v. Ray, 166 Ky. 622, 179 S. W. 592, 4 A. L. R. 603; McDonald v. Jenkins, 93 Ky. 249, 19 S. W. 594, 14 Ky. Law Rep. 157; Blair v. McCann, 64 S. W. 984, 23 Ky. Law Rep. 1226; Akins v. Peak, 239 Ky. 847, 40 S. W. (2d) 324; Combs v. State Board of Education, 249 Ky. 320, 60 S. W. (2d) 957.

It was necessary for Logan and Hubbard to file, in support of their motions, an affidavit or some trustworthy statement satisfactory to the court, identifying with reasonable certainty the things desired to be included in the subpoenas duces tecum, for without such, on an appeal from the court's adverse ruling, it could not be determined by this court whether they had been thereby deprived of competent, material evidence, obtainable by the procedure.

In the statement presented as the basis of their motions, the petitioners assumed, without stating as an existing fact, the bank records, writings, checks, and other things sought to be produced by this process were in existence and under the witnesses' control; and assumed the competency and relevancy thereof and that the witnesses were respectively bound by law to produce the same as evidence. The things they desired to have produced were not sufficiently identified in any way or in any manner in the statement filed in support

of their motions; nor did the statement show the things sought were not desired for vexatious or improper purposes. Sections 579 and 593, Civil Code of Practice.

It was the duty and within the power of Judge Garnett to determine, on their presentment, all such questions as well as their right to the subpœnas duces tecum. Plainly, it was wholly within his discretion to order or not to order, in the circumstances, their issuance. The language of his order disposing of the motions was an invitation to the petitioners to conform to the familiar rules of practice, applicable and prevailing in such cases. Their refusal to accept his invitation is no aid in this court to their obtaining a writ of mandamus.

Applying the principles reiterated to the facts presented, we are convinced the petitioners are not entitled to a mandamus.

Wherefore, the pettiion is dismissed.