## Hargis v. Swope, Judge, et al.

(Decided Feb. 22, 1938.)

A. H. HARGIS for petitioner.

JAMES PARK for respondents.

OPINION OF THE COURT BY JUDGE CLAY—Denying application for mandatory injunction.

Joanna E. Hargis sued her husband, A. H. Hargis, in the Fayette circuit court for alimony and divorce from bed and board. By an agreed judgment Mrs. Hargis was allowed alimony in the sum of $250 a month. A. H. Hargis paid alimony for about three years and then quit. Mrs. Hargis then asked for a rule against him to show cause why he had not paid. He filed sev-

eral answers seeking to set aside the agreed judgment on the ground of duress and fraud. The court refused to set aside the agreed order, and on appeal the judgment was affirmed. Hargis v. Hargis, 252 Ky. 198, 66 S. W. (2d) 59.

Thereafter Mrs. Hargis brought action No. 20619 in the Fayette circuit court against A. H. Hargis, Elbert Hargis, and G. G. Maloney to enforce the original judgment.

After certain steps had been taken in action No. 20619, A. H. Hargis brought this original action in this court against King Swope, judge of the Fayette circuit court, and George E. DeLong, clerk of that court, for a mandatory injunction requiring them to abate all further proceedings against the petitioner, and to give effect to his discharge in bankruptcy. Briefly stated, the alleged facts relied on are: In the month of June, 1934, A. H. Hargis was adjudged a bankrupt by the United States District Court for the Eastern District of Kentucky, and on April 9, 1935, was granted a discharge in bankruptcy, an attested copy of which was filed. He filed in the bankruptcy proceeding a list of his creditors. Joanna E. Hargis and G. G. Maloney, as creditors, participated in the bankruptcy proceeding as witnesses, had their day in court, and their debts were discharged. Notwithstanding the respondents had full knowledge of the bankruptcy proceedings, they entered an order in action No. 20619 striking from the record petitioner's amended answer and plea in bar setting forth his discharge in bankruptcy. It is also alleged that said action of the respondents and all proceedings in the case were in violation of law and in contempt of the United States District Court for the Eastern District of Kentucky, and further alleged that all matters in bankruptcy are exclusive of state courts, and it was the legal duty of Judge King Swope when the discharge in bankruptcy was filed to dismiss the case, and all his acts and orders after the discharge were in gross violation of the federal laws in bankruptcy proceedings, and exceeded his authority and jurisdiction, and were void and of no effect. Judge Swope demurred to the petition, and, without waiving the demurrer, filed an answer which has been adopted by George E. DeLong as his answer, denying substantially all the allegations of the petition and pleading the following facts: On October 31, 1936, A. H.

Hargis filed in action No. 20619 a "statement," in which pleading he alleged .that on April 9, 1935, he had been discharged in bankruptcy by proper orders of the United States District Court for the Eastern District of Kentucky. Accompanying the pleading was an exhibit purporting to be a copy of an attested copy of an order signed by the clerk of said district court granting a discharge in bankruptcy to the said Hargis, and also another exhibit containing a copy of a list of his creditors as filed in the bankruptcy proceeding. Thereafter Joanna E. Hargis filed her reply denying that A. H. Hargis had ever been discharged, or had ever received any discharge, in bankruptcy, and also denying that any copy of such alleged discharge was filed with the said pleading of A. H. Hargis. She further alleged in her reply that her debts and judgment were for and arose out of claims for alimony, and were not dischargeable in bankruptcy. On November 27, 1936, A. H. Hargis filed a rejoinder, and by said pleadings issues were joined as to whether any discharge in bankruptcy had been granted to A. H. Hargis, and whether the judgment and claims in favor of Joanna E. Hargis were dischargeable or were for alimony. On January 30, 1937, the case was placed on the trial docket and an order of final submission was entered. No proof was offered, nor depositions taken or filed by or on behalf of A. H. Hargis relating to the issues made by the pleadings in regard to his alleged discharge in bankruptcy. On April 10, 1937, the order of submission was set aside, and the board of education of Jackson, Ky., was permitted to file its intervening petition to which Joanna E. Hargis filed her answer and response. The demurrer of the board of education of Jackson to the answer and response was sustained, and it was further ordered that the parties file briefs or present oral argument upon the final submission of the case at some date to be fixed by the court. On July 22, 1937, although the issues concerning the discharge in bankruptcy had been made in the pleadings long prior thereto. A. H. Hargis filed in the office of the clerk of the Fayette circuit court the pleading referred to in his petition, and in which pleading he undertook to plead again in substance the same matters set forth in his pleading of October 31, 1936. On motion of Joanna E Hargis respondent did order said pleadings to be stricken from the record because (1) the matters set forth and relied upon had thereto-

fore been pleaded, and the issues made thereon long prior to the submission of the case, and (2) said pleading was filed in the clerk's office without any order of court noting the filing or permitting it to be filed, and (3) said pleading was filed long after the order of final submission of the case, and without having the order of submission set aside, and without making any motion to have it set aside. On November 20, 1937, respondent on his own motion entered an order setting aside the final submission of the case, and gave A. H. Hargis until December 4th to take proof in support of his pleadings of October 31, 1936, relating to his discharge in bankruptcy, and gave Joanna E. Hargis until December 11, 1937, to take her proof on said issues. On December 3, 1937, A. H. Hargis filed an "Amended Plea in Bar" in which he again pleaded his discharge in bankruptcy, and, further, that Joanna E. Hargis and G. G. Maloney were listed as his creditors in said proceeding, and the "Amended Plea in Bar" is substantially the same as the pleading filed in the clerk's office on July 22, 1937, and which had been ordered stricken from the record. On December 11, 1937, Joanna E. Hargis filed a reply to said "Amended Plea in Bar" denying the allegations that a discharge in bankruptcy had been granted A. H. Hargis. Though time had been given to A. H. Hargis to take and file his proof in support of his plea of a discharge in bankruptcy, he did not file in the case any proof by deposition or otherwise, to support his allegations. On December 16, 1937, Joanna E. Hargis filed certain depositions taken by her upon the issues relating to the discharge in bankruptcy, and included therein was the deposition of the Deputy United States Clerk having charge of the records of the clerk's office at Jackson, Ky., and of the record in the case of A. H. Hargis. The action was finally submitted for judgment on December 18, 1937, and a judgment was duly rendered on January 8, 1938, and the said A. H. Hargis was allowed and given an objection and exception to each and every part of the judgment, and prayed an appeal to the Court of Appeals, which was granted. Filed with the answer of respondent is a certified copy of an order entered on May 1, 1935, by the United States District Court for the Eastern District of Kentucky denying the petition of A. H. Hargis for a discharge in bankruptcy, and attached thereto is a certificate of the clerk of the United States District Court for the East-

ern District of Kentucky under the seal of said court to the effect that "if the said A. H. Hargis has in his possession a writing which purports to be a certified copy of an order of the United States District Court granting him a discharge in bankruptcy in said cause No. 267, the same is erroneous and is not in truth or in fact a correct copy of any order appearing of record in the above styled and numbered action."

The application is for a mandatory injunction. In a case of this kind a mandatory injunction is equivalent in legal effect to a mandamus, and the same principles apply. As to those principles, there is no dispute. While mandamus will lie to set a court in motion, it cannot be used to control the result. Shine v. Kentucky Cent. R. Co., 85 Ky. 177, 3 S. W. 18, 8 Ky. Law Rep 748. Mandamus will issue to compel the exercise of a discretionary duty, but not that it shall be exercised in any particular way. Gayheart v. Childers, 137 Ky. 472, 125 S. W. 1085. Mandamus is a proper remedy to compel an inferior court to adjudicate on a subject within its jurisdiction where it neglects or refuses to do so, but will not lie to revise or correct a decision. J. B. B. Coal Co. v. Halbert, 169 Ky. 687, 184 S. W. 1116. In short, mandamus will not lie to control the discretion of an inferior court. Goheen v. Myers, 18 B. Mon. 423. The questions before the Fayette circuit court were whether A. H. Hargis had been discharged in bankruptcy, and, if so, the effect of the discharge on the particular claims involved. One was a question of fact and the other a question of law. In the very nature of things, the court had jurisdiction to pass on these questions. The purpose of the mandatory injunction is not to compel Judge Swope to act, for he has acted, but to control his discretion and compel him to decide pending questions in a particular way. This we cannot do without going counter to all law on the subject.

But, if we go further, and construe the proceeding as an application for a writ of prohibition rather than an application for a mandatory injunction, the question is, May we grant that character of relief? The power of this court to issue a writ of prohibition is confined to two classes of cases: (1) Where the inferior court is proceeding outside of its jurisdiction, and (2) where the inferior court, though possessing jurisdiction, is exercising or is about to exercise it erroneously so as to

result in irreparable injury for which there is no adequate remedy by appeal or otherwise. Smith v. Ward, 256 Ky. 13, 75 S. W. (2d) 538; Williams v. Howard, Judge, 270 Ky. 728, 110 S. W. (2d) 661. In deciding the question before it, the Fayette circuit court did not go outside its jurisdiction. The most that can be said is that it decided erroneously. Whether or not that is the case is a question not now before us. It is sufficient to say that the petitioner has an adequate remedy by appeal and an appeal has already been granted.

Wherefore, the application for a mandatory injunction is denied.

Whole court sitting.