## Smith v. Shamburger, Judge.

January 26, 1951.

Rehearing Denied May 11, 1951.

Boman L. Shamburger, Judge.

Walter B. Smith for petitioner.

Lawrence G. Duncan for respondent.

JUDGE STEWART—Denying writ and dismissing petition.

Petitioner, Mrs. Patricia R. Smith, seeks a writ of mandamus in this Court against Hon. Boman L. Shamburger, Judge of the Jefferson County Court, to compel him to require the Louisville Trust Company and the Citizens Fidelity Bank and Trust Company, Co-administrators with the will annexed of the estate of John A. O'Brien, deceased, to file a final settlement of said estate and to cause certain acts mentioned hereafter to be performed.

On June 21, 1950, the Co-administrators filed in the County Court what they style as "An Account and Final Settlement of the Execution of Their Trust" of the O'Brien estate, in which they state that they have paid all debts, taxes, legacies and other claims against this estate, except the following items: (1) Compensation to and expenses of the Co-administrators for their services; (2) fees to various lawyers for representing the Co-administrators in several litigations affecting the O'Brien estate; and (3) legacies of $1,000 to the College of Arts and Sciences of Georgetown University of Washington, D. C., and of $5,000 to the Catholic Bishop of the Diocese of Kentucky. The accounting, we shall call it, further shows that all of the assets of the estate, which consisted entirely of personal property, have been disbursed, except the sum of $36,455.14,

now invested by the Co-administrators in United States bonds and retained by them to pay the unliquidated claims above described; and the Co-administrators ask that they recover from petitioner any sum in excess of $36,455.14 if this amount should be insufficient to satisfy the unliquidated claims set forth in the accounting.

We do not have before us the record showing the proceedings of the County Court in the interim between the filing of the settlement and the application of petitioner for this writ. The briefs of petitioner and respondent, however, do recite certain significant details as to what occurred during this period of time, and we here mention those facts that we deem important to furnish a background for this case.

On August 7, 1950, at a hearing regularly set, petitioner objected to the confirming, or approving, or hearing by the County Court, or any commissioner appointed by it, of any proof on any item contained in the accounting; and, on the same date, she moved the County Court to require the Co-administrators, and we employ her words, "to file a final settlement of the estate of John A. O'Brien, deceased, in compliance with the Kentucky Revised Statutes and the rulings of the Court of Appeals on the settlement of this estate, and that both of the Co-administrators be required to sign a sworn affidavit thereto." On August 22, 1950, petitioner filed a motion to strike from the record of this estate in County Court, and we quote her, "a 37 page historical brief or petition, containing many unfounded and unwarranted statements. It does not comply with the Kentucky Revised Statutes for the final settlement of an estate in County Court, and it is prejudicial to the substantial rights of the sole beneficiary, Patricia R. Smith, and was not verified by one of the Co-administrators, the Louisville Trust Company."

On this last date, the County Court overruled all of petitioner's objections to and motions concerning the filing of the accounting, and then, acting under the authority of KRS 25.180 and KRS 25.190, ordered the accounting referred to A. Scott Hamilton, Special Commissioner, to hear proof on any pleas, objections and exceptions filed thereto and to make such recommendations back to the County Court that the Commissioner might deem advisable relative to it. On September 8,

1950, the Commissioner set October 4, 1950, as a hearing date upon the accounting, at which time exceptions to it must be filed and all preliminary questions presented with reference to it.

On October 3, 1950, petitioner filed her petition herein against Hon. Boman L. Shamburger, Judge of the Jefferson County Court, to compel him officially to require the Co-administrators to file, as she contends, "a final settlement" of the O'Brien estate that should include: All costs of administration of the O'Brien estate, and specifically set forth all compensation claimed by the Co-administrators and all fees claimed by the lawyers for representing the Co-administrators, for services rendered by them to the estate from March 1, 1934, to the date of a final settlement thereof, all claims to be proven as debts against a decedent's estate are required by law to be proven. Petitioner further asks that the County Court be required to issue an order to A. Scott Hamilton, Special Commissioner, to prevent him from approving or hearing or confirming any proof for or against any item contained in the accounting of the Co-administrators until, as she insists, "a final settlement of the above estate, as above requested, is filed in the Jefferson County Court and this petitioner, the sole beneficiary, be given ample time in which to file exceptions thereto." At the time the petition was filed herein, petitioner moved for, and was granted, a stay of all proceedings in the County Court until this Court should pass upon this proceeding on its merits, pursuant to Sec. 476 of the Civil Code of Practice.

Under Section 110 of the Kentucky Constitution this Court has absolute power to issue writs against any other Kentucky Court in such instances "as may be necessary to give it a general control of inferior jurisdictions." However, it has consistently adhered to the principle of law that it will issue a writ (a) only when the inferior court is acting without jurisdiction, or (b) it is acting within its jurisdiction, but erroneously, and great and irreparable injury will result therefrom and the petitioner is without adequate remedy by appeal or otherwise. Smith v. Burnett, Judge, 300 Ky. 249, 188 S. W. 2d 480; Henneberger Co.'s Assignee v. Price, Judge, 252 Ky. 402, 67 S. W. 2d 471; Frain v. Applegate, Judge, 239 Ky. 605, 40 S. W. 2d 274.

We must, therefore, decide whether the County Court is exceeding its jurisdiction, or, if not, whether it is proceeding erroneously on the issues involved in this petition in such a manner that petitioner may suffer great and irreparable injury without any adequate remedy as a result thereof.

In Com. v. Peter, Judge, 136 Ky. 689, 124 S. W. 896, 898, the Commonwealth sought a mandamus against the respondent, a judge of the Jefferson County Court, to compel him to require the Fidelity Trust Company, as executor, to file inventories of certain decedents' estates, and to make settlements of its accounts of those estates where the executor had failed to make such settlements for more than two years. This Court, although stating in its opinion the view that the county judge should have required the Trust Company to file the inventories and to make the settlements demanded, refused to compel the county judge to perform these acts, stating its reason as follows: "The only question left for determination is: Should this court, if it has the authority, issue the writ? This question was before this court in the case of Montgomery v. Viers, 130 Ky. 694, 114 S. W. 251, and the court said: 'Although section 110 of the Constitution may confer ample authority upon this court to issue the writ in such a case, the rule here is that, if the applicant has an adequate remedy elsewhere, we refrain from acting under our original jurisdiction.' The effect of this is that the circuit court, a court of general jurisdiction, should have been applied to for the writ; that this court would not act in the matter, even if it had the power, when the applicant had other adequate means for relief."

Petitioner's main contention herein is that the Co-administrators have not filed, according to her interpretation, "a final settlement." She is in the anomalous position of asking this Court to require the County Court to file "a final settlement" when, in fact, the County Court has judicially determined the accounting filed by the Co-administrators on June 21, 1950, to be "a final settlement." When a court, exercising the jurisdiction and discretion granted to it by law, enters a judgment of record, we cannot place our own construction on that judgment, unless it is properly before us on an appeal. It is a familiar concept of law that a

mandamus will lie to compel the trial of an issue, or the hearing of a motion, but it cannot be used to control how such shall be tried, or what order shall be entered in any case in which discretion may be exercised by a court or a judge. Union Trust Co. v. Garnett, Judge, 254 Ky. 573, 72 S. W. 2d 27.

Petitioner complains that the County Court, unless compelled to do so, will not require the Co-administrators to discharge the statutory duties imposed upon them by Sections 25.175, 25.180, 396.010 and 396.020 of the Kentucky Revised Statutes. Generally, the provisions of law just mentioned specify the requirements for making and filing fiduciary settlements in county courts and describe how claims against decedents' estates are to be proven before presentation to a personal representative for payment. We cannot assume and exercise supervisory powers over proceedings in an inferior court. In the very nature of things, the County Court has jurisdiction to pass on these issues. It is counter to all law on the subject that this Court will compel a court or judge to decide pending questions in a particular way. Hargis v. Swope, Judge, 272 Ky. 257, 114 S. W. 2d 75. We are also of the opinion that the County Court had ample authority, under Sections 25.170, 25.180 and 25.190 of the Kentucky Revised Statutes, to refer the accounting of the Co-administrators to a Special Commissioner who should hear proof on any pleas, objections and exceptions made to it and report back his recommendations thereon to the County Court. Any rulings of the Commissioner will be of an interlocutory nature and are not subject to interference by mandamus. Shipp v. Stoll, Judge, 200 Ky. 646, 255 S. W. 75.

In The Louisville Trust Company v. Smith, 313 Ky. 15, 230 S. W. 2d 64, a recent decision of this Court affecting this estate, we ruled as follows as regards this estate: "It is the duty of the administrator to settle. One of the purposes of settlement in the county court is to give the parties interested an opportunity to file objections seasonably and properly. There is no reason why an exception should prevail in Jefferson County (for these co-administrators). This matter has been unreasonably prolonged."

In petitioner's argument in her briefs, the fact is

856

disclosed that there are two litigations relative to the O'Brien estate pending in the Jefferson Circuit Court: (1) A settlement suit, filed April 21, 1949, and (2) an appeal from the County Court, filed May 26, 1946. The appeal is from an order of Hon. Horace M. Barker, former judge of Jefferson County Court, directing the Co-administrators to settle the estate. There has been no financial disposition of either of these cases. It would seem, however, that the filing of the accounting of the Co-administrators in the County Court bestows upon the latter complete jurisdiction to finally determine all issues now in dispute. If those items now the subject of this controversy had been liquidated in advance of the filing of the accounting, and we believe this should have been done, then in truth and in fact the accounting would have been a final settlement.

Admitting, for the sake of argument, but by no means concluding that the County Court is acting erroneously in this case, it cannot be said that petitioner will suffer irreparable damage, or any damage, as a result of any order entered by or about to be made by the County Court. However, assuming that certain errors have been or will be committed by the County Court in winding up this estate, petitioner can obtain adequate relief therefrom by an appeal to the Circuit Court.

Wherefore, the motion is denied and the petition is dismissed.