**BOONE et al.**

v.

**SMITH, Judge.**

Court of Appeals of Kentucky.

Jan. 15, 1954.

Wilbur Fields, Louisville, for petitioners.
Herman Frick, Louisville, for City of Louisville.

A. T. Lee, Louisville, for Highbaugh Realty Co.

F. H. Thiemann, Jr., Louisville, for Otto Effinger and Ella Effinger.

WADDILL, Commissioner.

This is an original action for an order of mandamus. Petitioners are asking this Court to order the Honorable Macauley T. Smith, Judge of the Jefferson Circuit Court, Chancery Branch, First Division, to enter an order filing the first amended petition in action No. 339,940, Jefferson Circuit Court, or to enter an order filing the second amended petition in that action, or, as an alternative, to set aside the order sustaining the general demurrer to the original petition in the same action.

Petitioners are a group constituting more than two-thirds of the voting residents of a subdivision known as Meadowview Estates,

located in the unincorporated area of Jefferson County. They petitioned the Jefferson Circuit Court for the incorporation of a city of the sixth class, to be known as Meadowview Estates, pursuant to the provisions of Chapter 81 of KRS.

Judge Smith, the respondent herein, sustained a demurrer to the petition on the ground that the plat of the proposed city showed that its form was not square as the language of KRS 81.040 requires.

Petitioners then attempted to file an amended petition in which the form of the proposed city was reduced to a square. Judge Smith sustained objections to the filing of the amended petition on the ground that it was not signed by two-thirds of the voters as required by KRS 81.050.

Petitioners tendered a second amended petition which complied with the prior rulings of the court. However, the Chancellor sustained objections to its being filed on the ground that it should not be considered until the determination of the outcome of two remonstrance suits which had been filed protesting the proposed annexation of the same area by the city of Louisville.

KRS 81.040 contains the requirement that:

"* * * The boundary of any city, when incorporated, shall not exceed one-half mile in each direction, the form of the city being square, * * *."

Clearly, the Chancellor was correct in sustaining a demurrer to the petition on the ground that the proposed boundary did not comply with the statutory requirements.

Chapter 81 of KRS contains no mandatory provision requiring the judge to order the filing of an amended petition for incorporation in the event an original petition is not properly drawn. We think that such an act on the part of the judge is within his judicial discretion. Also see, Rule 15.01, Rules of Civil Procedure.

While mandamus will lie to compel the trial of an issue or the hearing of a mo-

tion it cannot be used to control how such shall be tried or to dictate what order shall be entered in any case in which discretion may be exercised by a court or a judge. Union Trust Co. v. Garnett, Judge, 254 Ky. 573, 72 S.W.2d 27; Smith v. Shamburger, 314 Ky. 850, 238 S.W.2d 844.

Wherefore the application of the petitioners is denied.