Orville FANNIN, Justice of the Peace of
Elliott County, etc., Petitioner,

v.

John A. KECK, Judge, 37th Judicial District
of Kentucky, Respondent.

Court of Appeals of Kentucky.

Nov. 30, 1956.

Jesse K. Lewis, Lexington, for appellant.

Louis Cox, Hazelrigg & Cox and John
Hopkins, Frankfort, for appellee.

WADDILL, Commissioner.

This is an original action in this Court.
The petitioner, Orville Fannin, seeks an or-
der of mandamus requiring the respond-
ent, Honorable John H. Keck, as Judge of
the Elliott Circuit Court, to grant summary·
judgment in petitioner's favor in certain
consolidated actions which are now in the
process of trial before Judge Keck.

The record discloses that Judge Keck has
acted upon the motion for summary judg-
ment in the consolidated suit by entering an
order therein overruling the motion. Thus,
in effect, Judge Keck has decided that a
trial should be had upon the merits of the
controversy.

■ Mandamus is a proper remedy
to compel an inferior court to adjudicate
on a subject within its jurisdiction, where
the court neglects or refuses to do so, but
it will not lie to revise or correct a decision
of a court. J. B. B. Coal Co. v. Halbert,
169 Ky. 687, 184 S.W. 1116. While manda-
mus will lie to set a court in motion, it
cannot be used to control the result. Shine
v. Kentucky Cent. R. Co., 85 Ky. 177, 3
S.W. 18. Gayheart v. Childers, 137 Ky.
472, 125 S.W. 1085. In short, mandamus
will not issue to control the discretion of an
inferior court. Hargis v. Swope, 272 Ky.
257, 114 S.W.2d 75; Goheen v. Myers,·
18 B. Monroe 423, 57 Ky. 423.

■ The purpose of the mandamus
sought herein is not to compel Judge Keck
to act on the motion, for he has acted, but
to control his discretion and to compel him
to grant summary judgment in petitioner's
favor. Under these circumstances it is
well-settled that this Court has no authority
to issue the order requested. Boone v.
Smith, Ky., 263 S.W.2d 928; Union Trust
Co. v. Garnett, 254 Ky. 573, 72 S.W.2d 27;

Smith v. Shamburger, 314 Ky. 850, 238 S.W.2d 844.

Wherefore, the application for an order of mandamus is denied and the petition is dismissed.