# Commonwealth v. International Harvester Company of America.

(Decided April 24, 1912.)

## Appeal from Oldham Circuit Court.

1. Subpoena Duces Tecum—For Papers Alleged to be in Agent's Possession—Response—Authorized Refusal of Rule for Their Production.—Where a subpoena duces tecum is issued against a state agent of a corporation for certain papers alleged to be in his possession and desired for use as evidence on a trial of the corporation under an indictment for violating a statute, and the response of the agent, verified by oath, states that the papers are not in his possession and have not been and that he has been unable, by a careful search of the records of the corporation in his possession, to find the papers or otherwise procure them, the refusal of the trial court to issue against him a rule requiring the production of such papers was not error.

2. Appeal—Allowed Commonwealth, Though Order Not Final.—Although the order refusing the rule was not a final order, sections 335 and 337, Criminal Code, gave the Commonwealth the right of

appeal that it might, in advance of appellee's trial, obtain of the Appellate Court a decision upon the question of law involved in the ruling of the Circuit Court.

JAMES BREATHITT, Ex-Attorney General and JAMES GAR-NETT, Attorney General for appellant.

WILLIS, TODD & BOND for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Following the return in the Oldham Circuit Court of an indictment charging the appellee, International Harvester Company of America, with the offense denounced by section 3915, Kentucky Statutes, the court on the Commonwealth's motion, issued against J. L. Gardner, appellee's State agent, a subpoena duces tecum requiring him to produce for use as evidence in appellee's trial, certain written contracts made by it with its agents in Oldham County for the years 1903, 1904 and 1905, under which they sold its harvesting machines in that county during those years; also a certain letter of instructions, a copy of which had been furnished each of its agents by appellee by which they were directed to sell harvesting machines in Oldham County at certain prices therein indicated. After service upon him of the subpoena duces tecum, Gardner filed in court a written response thereto, verified by his oath, in which he stated, in substance, that he did not have in his office, in the city of Louisville or in his possession, the contracts in question, or letter of instructions to appellee's agents, nor were they to his knowledge in appellee's possession; that he was not the agent of appellee or in its employ during the years 1903, 1904 or 1905, and that he had made diligent search in his office and among the records thereof for the contracts and letter, but had been unable to find them, or to procure them from appellee.

The Commonwealth filed a demurrer to the response which the court overruled. Evidence was then heard by the court upon the questions of fact raised by the response, at the conclusion of which the Commonwealth asked that the response be adjudged insufficient and that a rule be issued against Gardner compelling him to produce the contracts and letter referred to. Instead of complying with the request and motion, the court adjudged the response sufficient and refused the rule. To the order manifesting these rulings, as well as that over-

ruling the demurrer, the Commonwealth excepted, and prayed and was granted an appeal to this court.

Although the order mentioned was not a final one, sections 335 and 337, Criminal Code, gave the Commonwealth the right of appeal that it might, in advance of appellee's trial under the indictment, have a decision of this court upon the questions of law involved in the ruling of the circuit court.

In our opinion the court did not err in holding the response sufficient, or in the matter of refusing the rule, as it is apparent from the statements of the response and proof heard in support thereof, that Gardner, notwithstanding the careful search made by him therefor, was unable to find any of the contracts or letter of instruction referred to, and that he never had them in his possession.

If they were ever in Gardner's office, it is fairly apparent from the response and evidence that they were removed therefrom by appellee or some one of its agents, before Gardner's appointment as state agent.

The subpoena duces tecum was not issued or rule asked against appellee, but against Gardner as its agent for this State, and the latter's testimony, furnished by both the response and his oral statements, as to his ignorance of the whereabouts of the contracts and letter of instruction, and his inability, by a careful search, to find them, being uncontradicted, no reason is apparent for our disagreeing with the conclusion reached by the trial court.

Wherefore, the judgment is affirmed.