## Breitenstein v. Bradas' Ex'r.

March 17, 1942.

44

B. M. Harwood for appellant.

A. M. Marret for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

James Bradas died testate November 9, 1939, a resident of Oldham county. His only heirs at law were the seven children of a deceased brother. He bequeathed to each of these nieces and nephews the sum of $10,000, and in the eighteenth clause of his will named them the residuary legatees. He left large sums to various charitable institutions, and made bequests ranging from $250 to $5,000 to a number of his friends and former employees. Among these legatees was the appellant, Catherine Breitenstein, who was bequeathed the sum of $1,000. In the eighth clause of his will he bequeathed to appellee, H. Nellis Kraft, the sum of $4,500, and in the twentieth clause he named Kraft his executor. Kraft qualified as executor, and executed bond in the sum of $369,000 with a corporate surety. On October 9, 1940, Catherine Breitenstein filed in the Oldham county court a petition in which she prayed that the defendant, H. Nellis Kraft, "be removed as executor of the estate of James Bradas, deceased, that an order be entered revoking his letters of administration, and that a competent resident of Oldham County be appointed administrator de bonis non, with the will of the testator annexed." The petition is indefinite and consists mostly of conclusions of the pleader, but the following grounds for the removal of the executor may be spelled out of it:

(1) Kraft, at the time he qualified as executor was indebted to the estate in the sum of $7,950, evidenced by three notes, one for $4,500 executed May 16, 1931, one for $750 executed May 5, 1937, and one for $2,700 executed April 1, 1939. It was alleged that this indebtedness causes a conflict between the personal interest of the executor and his official duties. (2) The executor "has permitted certain nephews and nieces of the testator to direct said administration, particularly in the rejection of proven claims against the estate and making distribution of the funds of the estate among themselves, thereby preferring themselves, over the rights of forty other beneficiaries designated in the will of the testator, notwithstanding the fact there is an action pending in the Oldham Circuit Court to set said will aside and hold it for naught." (3) The estate is indebted to the United States for income taxes due for the year 1920 on the profit realized by the decedent on the sale of his interest in the partnership of Bradas & Gheens of Louisville, Kentucky, which he fraudulently concealed, and the executor has made no effort to adjust this claim with the Internal Revenue Department of the United States government.

The executor filed an answer in which he alleged affirmatively that there was no question as to the amount of his personal indebtedness to the decedent's estate, and that his note for $4,500 was secured by a mortgage on real estate in Louisville, Kentucky, and his $2,700 note was secured by collateral, and the $750 note had been paid. Furthermore, the bequest to him of $4,500 and his commissions would exceed the amount of his personal indebtedness to the estate, and there was no conflict between him and the beneficiaries named in the will as to his individual liability on the notes; that none of the beneficiaries had been paid any part of his or her bequest, and no distribution would be made until the will contest then pending had been determined. He further alleged that he had advertised for claims as required by law, and that he had paid all just claims which had been presented to him, proven according to law, including the Federal estate tax amounting to the sum of $25,138.16. The only response filed to the answer was the following pleading, denominated a reply: "Comes the plaintiff, by counsel, and for reply to defendant's answer herein denies each and every allegation therein set out."

The motion in the Oldham county court to remove the executor was overruled, and an appeal was taken to the Oldham circuit court where a judgment was entered affirming the judgment of the Oldham county court. From the judgment of the Oldham circuit court Catherine Breitenstein has appealed. The principal ground relied upon for reversal of the judgment is the refusal of the court to order the issuance of a subpoena duces tecum requiring C. Edwin Gheens to produce the balance sheets of the firm of Bradas & Gheens as of March 1, 1913, and as of December 31st of the years 1918, 1919, 1920, and a statement of the net earnings of the firm of Bradas & Gheens for the calendar years 1918, 1919, and 1920.

Apparently appellant has abandoned grounds 1 and 2 relied upon in the county court for removal of the executor. There is no proof that appellee has such an adverse interest to the estate as would disqualify him from acting as executor, nor is there proof that he has discriminated in favor of any beneficiary.

Appellant took the deposition of C. Edwin Gheens, who testified that he and James Bradas formed a partnership in 1899 under the name of Bradas & Gheens. The partnership was dissolved on December 31, 1920, and the assets were divided, Bradas taking the firm's cash, Liberty Loan Bonds, and notes receivable, and Gheens taking the remainder of the partnership assets and continuing the business as C. E. Gheens, doing business as Bradas & Gheens, until 1935, when a corporation, Bradas & Gheens, Inc., was formed and all of the assets were transferred to the corporation. The income tax division of the United States Department of Internal Revenue was furnished a statement giving the facts of the dissolution, and this statement was checked and the taxes due were paid. He also testified that the documents which appellant sought to obtain by a subpoena duces tecum were not in existence, but had been destroyed in the flood of 1937 when they were stored in the basement of a building occupied by Bradas & Gheens, Inc. This of itself was sufficient basis for the court's refusal to have the subpoena issued. Commonwealth v. International Harvester Company of America, 148 Ky. 37, 145 S. W. 1132. The issuance of a subpoena duces tecum is a matter within the sound discretion of the court in which the case is pending, and in support of the mo-

tion for the subpoena it should be shown that the documentary evidence sought is pertinent to the issue before the court, is in existence and under the control of the witness, and is not desired for vexatious or improper purposes. Union Trust Company v. Garnett, 254 Ky. 573, 72 S. W. (2d) 27; 70 C. J. 52. The affidavit filed by appellant in support of her motion and the evidence introduced by her failed to supply facts authorizing the issuance of a subpoena duces tecum. On the other hand, her proof showed that the documents named in the motion were not in existence, and the sole witness introduced by her testified that after the dissolution of the partnership on December 31, 1920, a statement was furnished the Internal Revenue Department of the Federal government which was checked and found to be satisfactory by representatives of the department, and the taxes due were paid. The appellant, a beneficiary under the will, takes the anomalous position of attempting to establish a claim against the estate in favor of the Federal government by showing that the testator fraudulently concealed facts in an income tax report made nearly twenty years before his death. According to appellant's own proof, the facts were investigated at the time by agents of the Federal government, the tax fixed by them was paid, and no further claim has been made. Under the circumstances, failure of the executor to resurrect the claim certainly was no dereliction of duty on his part warranting his removal. It is not the duty of a personal representative to spend his time and the estate's money in ferreting out doubtful and stale claims against the estate.

The judgment is affirmed.